By the Court. Woodruff, J.
The complaint avers, that the plaintiffs are the payees in the notes mentioned, and that they are the lawful holders and owners of the notes.
These allegations are not denied, and upon this ground alone, we think the plaintiffs were entitled to judgment for the amount of the notes. The fact set up in the answer, that the consideration of the notes was a purchase of goods by the defendant from the plaintiffs and Yose, at that time a partner with the plaintiffs, was wholly immaterial, if in truth the notes themselves were made payable to the plaintiffs, and they were the holders and owners thereof. The answer does not even state that Yose was a partner at the time the notes were given, nor that he has any interest therein.
But if the answer could be deemed to raise any material issue, the proof was uncontradicted and decisive in favor of the plaintiffs. It showed that before the giving of these notes Yose had retired from the firm; that the plaintiffs had become the owners of the claim, and that, in fact, these notes were given and made payable to the plaintiffs by their then firm name. The circumstance that Yose was once interested in the claim was wholly immaterial; his interest had ceased; the debt was due to the plaintiffs, and the defendant’s promise was to them.
The exception taken to the admission of evidence that Yose assigned his interest in the effects of the previous copartnership is groundless. That evidence was strictly responsive to the case *430 sought to be made by the defendant’s answer, and Ms proof that Vose was once a member of the firm. It was not offered for the purpose of showing, and it did not show that Vose assigned the notes in srnt to the plaintiffs; but it showed that he never had any interest in these notes, and that the consideration and the legal title was in the plaintiffs, at the very giving of the notes. Thus it disproved the claim that Vose should have been made a party plaintiff; and although the defendant’s evidence had- done that pretty effectually already, the plaintiffs had a right to add farther evidence to the same pomt if they thought proper.
The defendant’s counsel on his pomts submitted to us, refers to § 3, of the act concerning limited partnersMps, (1 Rev. Stat. 765,) and insists that the use of the word, “and company,” by the plamtiffs, is primé facie evidence, that the firm was composed of more persons than those whose names appear in the firm name. Although the statute relating to limited partnerships, does not appear to have any bearing upon the subject, since here is no pretence that there was any limited partnersMp, we, nevertheless, tMnk that the defendant is right in saying that the use of the term referred .to is, as against the plaintiffs, primé fade evidence, that there is a partner not named. Our general statute requiring that where the designation, “ and company,” or “ & Co.” is used, it shall represent an actual partner or partners, creates such a presumption. But it can be overcome by positive proof, and was most effectually overcome on the present trial.
Ko other question in reference to, or wMch might arise under the Statute, was raised on the trial, or on the argument of the appeal. The debt for which the action is brought, was due by the defendant. The form of the indebtedness, originally was to the firm of Whitlock, Anderson, Freneau & Co., of which Vose was a member. He having made a transfer to the plaintiffs, they were the real parties in interest, and could recover in their own names therefor.. It was natural, and we have no doubt, legal, in taking a note for the debt, to continue for the mere purpose of the extension of credit, the same payees in form as had before designated the creditors to whom the debt was due; and there seems no very good reason why the note should not have been so treated. Taking such a note for a previous debt could hardly b.e *431 deemed carrying on business under a firm name, which was forbidden. In this mode the debt might be discriminated from the business of the new firm.' The plaintiffs’ counsel, and the witness appear, however, to regard the firm, described as payees, as under the circumstances of the case indicating only the plaintiffs, who, in truth, had the sole interest.
" The right to recover would have been equally clear, had Yose’s original interest been averred, and his transfer stated.
The plaintiffs should have judgment upon the verdict with costs.