JÔHN B HEALY, Appellant, *v.* VINCENT CLARK, Impleaded,
etc., Respondent.

A finding by the court or a referee, made without any evidence to sustain
it, is a ruling upòn a question of law and an exception may be taken
thereto, which is reviewable here; but if there is evidence tending to
sustain the finding, it is a ruling upon a question of fact and no excep-
tion can be taken.

An appeal may be taken to the General Term upon questions of fact
where the trial was by the court or a referee, but where the decision
below is affirmed by that court, no appeal may be taken to this court
and it consequently cannot review the weight of evidence.

(Submitted March 20, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Court
of Common Pleas for the city and county of New York,
entered upon an order made December 5, 1887, which affirmed
a judgment in favor of defendant entered upon the report of
a referee.

The following is the *mem.* of opinion :

" This action was brought to foreclose a lien filed under
chapter 315 of the Laws of 1878 against moneys retained by
the department of finance of the city of New York, upon a
contract between the city and the defendant Clark to construct
a sewer under Seventieth street in that city.

" The plaintiff claims that he was employed by the defendant
to superintend the construction of the sewer, and that, as such
superintendent, he rendered 208 days' service, for which he
was entitled to receive $5 per day. The employment of the
plaintiff was denied by the defendant, he claiming that the
plaintiff was his copartner in the construction of the sewer.
Upon this issue the referee found in favor of the defendant

and that finding has been approved by the General Term. We are now asked to review the evidence and reverse the judgment upon the ground that the finding of the referee was against the weight of the evidence. This court has no power so to do. The right of review in such cases is final in the General Term. If the finding has been made without *any* evidence tending to sustain it, it is a ruling upon a question of law and an exception may be taken thereto which may here be reviewed.

"But if there is evidence tending to sustain the finding it is a ruling upon a question of fact and no exception can be taken thereto. (Code Civ. Pro. §§ 992, 993.)

"An appeal can be taken to the General Term upon questions of fact where the trial was by the court or a referee. (§ 1346.)

"And, consequently, that court has the power to review the facts; but no such power is given to this court, and it, consequently, cannot review the weight of evidence. (*Finch* v. *Parker*, 49 N. Y. 1; *Bergin* v. *Wemple*, 30 id. 319.)

"In this case there was evidence that sustains the findings of the referee. The testimony of the parties was in conflict upon the questions of the employment and the existence of the copartnership, and they consequently became controverted questions of fact for the determination of the referee. Both parties were corroborated by the testimony of others. The fact that Clark made the bid upon the contract in his own name and attached the usual affidavit of interest, under the explanation given does not necessarily invalidate his testimony. The question of his credibility was still left open for the determination of the referee. It appears to have been conceded that the parties had been copartners in reference to other contract work and that such copartnership continued until this contract was nearly completed. This fact, taken in connection with the testimony produced on behalf of the defendant, doubtless influenced the mind of the referee in reaching his conclusion, and we think properly, for, where the testimony of the parties is in conflict, it becomes the duty of those who have the responsibility of

determining the facts to take into consideration the surrounding circumstances and probabilities.

"We have examined the exceptions to which our attention has been called, but find none that point to any error. In view of the issue tendered by the pleadings it was competent to show the business arrangement between the parties for the purpose of determining whether or not a copartnership existed, and, in that connection, it was material and proper to show that the plaintiff assisted in making the calculations upon which the bid for the contract was made, and that the work was carried on by the firm in the construction of the sewer the same as it was in reference to other contracts held by it. The fact that the contract turned out unprofitable became material upon the trial in view of the position taken by the plaintiff, as bearing upon the question of motive.

"We are consequently of the opinion that the judgment should be affirmed with costs."

*Chauncey S. Truax* for appellant.

*Alex. Wain* for respondent.

HAIGHT, J., reads for affirmance.
All concur.
Judgment affirmed.