LEMUEL COFFIN *et al.*, Appellants, *v.* WILLIAM H. HOLLISTER, JR., as assignee, etc., Respondent.

*Court of Appeals, February* 24, 1891.

Affirming 54 Hun, 639, Mem..

1. *Fraud. Burden of proof.*—In an action to recover possession of goods sold and delivered to defendant on the ground that the sale was induced by false and fraudulent representations made by them, the burden is upon the plaintiff to establish that such representations were made with intent to deceive and defraud.
2. *Appeal. Findings.*—Where the finding of a referee depends upon the credibility of witnesses, the facts found by the trial court and approved by the general term are final and conclusive for the purpose of an appeal to the court of appeals.

Appeal from the judgment of the general term of the supreme court, affirming a judgment entered upon the report of a referee.

*R. A. Parmenter*, for appellants.

*N. Davenport*, for respondent.

VANN, J.—On the 31st of October, 1881, the plaintiffs sold the goods in question to the assignors of the defendant upon a credit of sixty days from December 1, 1881, and on the 17th of January, 1882, they commenced this action to replevy the same, upon the ground that they had been induced to sell and deliver their property by reason of certain

false and fraudulent representations made by the purchasers. The burden of proof was upon the plaintiffs to establish that the alleged false representations were made by the vendees with intent to deceive and defraud. Nichols v. Pinner, 18 N. Y. 295, 299 ; Arthur v. Griswold, 55 Id. 400, 410 ; Morris v. Talcott, 96 Id. 100 ; Macullar v. McKinley, 99 Id. 353, 358 ; Brackett v. Griswold, 112 Id. 454, 467 ; 21 N. Y. State Rep. 791.

The learned referee before whom the action was tried found that certain material representations were made, but he did not find that they were made with intent to defraud, and he refused to find that they were false. On the other hand, he found that the defendant, as assignee, was the actual owner of the goods when this action was commenced, and that no facts ever existed that authorized the plaintiffs to rescind the sale or to have the same declared fraudulent and void. These findings have been expressly approved by the general term, which states in its opinion that the referee's report is justified by the evidence. The only ground upon which we are asked to reverse the judgment appealed from is that the referee erred in passing upon the facts.

We are unable, however, to review his conclusions in this regard, because the questions of fact rest upon a conflict of evidence and are thus protected from interference by us, even if we were of the opinion that they should have been otherwise determined. Healy v. Clark, 120 N. Y. 642 ; 30 N. Y. State Rep. 897 ; Code Civ. Pro., §§ 992, 993 and 1337. When the result depends, as it did in this case, upon the credibility of witnesses, the facts found by the trial court and approved by the general term are final and unchangeable for the purpose of an appeal to this court. This is often said, but oftener disregarded, and the result is many fruitless appeals.

The judgment must be affirmed, with costs.

All concur.