(20 Misc. Rep. 554.)

### LA PASTA v. WEIL et al.

(Supreme Court, Appellate Term. July 1, 1897.)

**1. MECHANIC'S LIEN—RIGHTS OF SUBCONTRACTOR.**

The mere fact that an owner stands by and sees a subcontractor at work does not render his property chargeable with a mechanic's lien in favor of such subcontractor, where at the time there was nothing due from the owner to the contractor.

**2. PLEADING—VARIANCE.**

Where the notices of lien of the subcontractor and complaint both set out that the work was done for the contractor, and that defendant is the owner of the property, plaintiff cannot show that he contracted directly with defendant for the work, and enforce his lien as an independent contractor.

**3. APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.**

Where, at the close of a suit to enforce a mechanic's lien, tried before the court, defendant moves to dismiss, without specifying his reasons therefor, and the court denies the motion, and files findings of fact and conclusions of law to which defendant duly excepts, the question as to whether the judgment is supported by the evidence is presented by such exceptions.

Appeal from city court of New York, general term.

Suit by Raphael La Pasta against Samuel Weil and others to foreclose a mechanic's lien. Judgment for plaintiff affirmed by general term. 44 N. Y. Supp. 778. Defendant Weil appeals. Reversed and remanded for new trial.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

E. Arnstein (A. C. Thomas, of counsel), for appellant.
Irons & Todd (D. R. Todd, of counsel), for respondent.

McADAM, J. The notice filed by the plaintiff to acquire a lien sets forth that the person by whom he was employed and for whom the work was done was John McNally, and that the property was owned by Samuel Weil. No reference is in any manner made to any personal claim against Weil. The complaint charges that the work was done for McNally, and that the latter had a contract therefor with Weil, so that the action was apparently one by a mechanic to foreclose a subcontractor's lien. The owner pleaded nonperformance of the contract by McNally, and that it cost him $5,000 over and above the contract price to complete the work McNally had agreed to perform, but left undone. It is not alleged, nor was it proved, that there was any money due from Weil, the owner, to McNally, the contractor; so that there was nothing to which a subcontractor's lien could attach. Laws 1885, c. 342, § 1; Lemieux v. English, 19 Misc. Rep. 545, 43 N. Y. Supp. 1066; Keavey v. De Rago, 20 Misc. Rep. 105, 45 N. Y. Supp. 77; Riggs v. Chapin (City Ct. N. Y.) 7 N. Y. Supp. 765. Indeed, the owner attempted to prove what work was left undone by McNally under his contract, for the purpose of showing that there was no money due to McNally as contractor, and the evidence was excluded as immaterial. This ruling was evidently made on the erroneous theory that the owner had in some manner bound himself personally to the plaintiff, and, having become liable to him as principal, the relations

between McNally and the appellant were no longer of any significance.

The plaintiff had another theory; for, in order to charge the property of Weil, the owner, he alleged that the work was performed by the plaintiff with Weil's knowledge and consent. But the mere fact that an owner stands by and sees a subcontractor at work does not render his property chargeable with a lien, irrespective of the amount due to the contractor. The owner certainly consented that all the work necessary to complete his buildings according to his contract with McNally should be done. The contract itself proves that. But whether done by the contractor, or by persons employed by him, the owner's liability could not be enlarged beyond the terms of the contract without some affirmative act on his part evidencing some new obligation independent of such contract. The appellant's position is not to be confounded with that of an owner whose lessees, by his consent, make alterations in the premises; for an owner in such a case cannot object that liens are filed against his property for the work so done, and to the full extent of its value, because he must have known that this result would follow if the mechanics employed to do it were not paid. Mosher v. Lewis, 14 App. Div. 565, 43 N. Y. Supp. 1052; Ross v. Simon (Com. Pl.) 9 N. Y. Supp. 536. Although, where a lease of a building provides that the lessee shall not make any alterations without the consent of the owner, under penalty of forfeiture, a mere general consent of the owner that the lessee in occupation may make alterations at his own expense does not constitute a consent by the owner that a third party shall furnish labor or materials, so as to make such labor and materials the basis of a mechanic's lien upon the building, especially in the absence of any notice or knowledge on the part of the owner from which such consent can be implied. Hankinson v. Vantine, 152 N. Y. 20, 46 N. E. 292. In this instance it was known that the owner's consent to do the work was expressed in a written contract which limited the owner's liability, and made any obligation enforceable against him dependent upon performance of that contract as a condition precedent. The plaintiff knew that McNally was not the owner of the premises. He was therefore put upon his inquiry to ascertain McNally's rights as contractor. Hankinson v. Vantine, at page 31, 152 N. Y., and at page 295, 46 N. E. Upon the facts stated in the notice of lien and those alleged in the complaint, or even the evidence adduced thereunder, the plaintiff established no right of action against the owner or his property, and we are at a loss to discover any ground upon which the recovery may be sustained. Upon the trial the plaintiff evidently abandoned all effort to enforce a subcontractor's lien, by claiming a contract directly with the owner, and it was on this theory he succeeded.

The plaintiff testified that in a conversation with the defendant's agent, Meyer, the latter said: "When you are ready for the beams, call the architect and measure the extra work. I will pay you." The plaintiff and McNally were present at the conversation, and what Meyer said was evidently addressed to the contractor, and not to the plaintiff. The conversation was competent to prove that McNally might have some claim for extra work to which the plaintiff's lien

might attach, provided the condition was performed and the architect certified to the work. It did not establish that the plaintiff was to have a personal claim against the owner as an independent contractor, —a thing not within the contemplation of the parties, nor within any issue on trial. The condition was never performed by any one, and the architect's certificate was never produced, or its production in any manner dispensed with.

The plaintiff claims that because, on a motion to dismiss the complaint at the close of the case, the owner did not particularly specify the reasons why a recovery should not go against him or his property, the appellant is precluded from objecting to the recovery had. The owner, no doubt, assumed, as perhaps he might, that, if the justice rendered a judgment in favor of the plaintiff, it would be against McNally alone; for in no aspect of the case, under the form of the notice of lien filed and the issues created, was a judgment recoverable against, or which could affect, Weil. Be this as it may, the trial was without a jury, the trial judge filed findings of fact and conclusions of law, and the defendant filed exceptions to such findings and conclusions. These are printed in the case, and constitute part of the papers upon which the appeal from the judgment must be heard. Code, §§ 992, 994. As the judgment is destitute of evidence to support it, a question of law is presented by the exceptions filed, which we may review. Healy v. Clark, 120 N. Y. 642, 24 N. E. 316; Yale v. Curtiss, 151 N. Y., at page 607, 45 N. E., at page 1127; Baylies, New Trials, 280.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.