## Andrew Haug, Sr., v. Lulu Haug, Adm'x, etc.

1. EVIDENCE—*Majority of Witnesses Not Always the True Test.*—A majority of witnesses who testify is not always a true test of the weight to be given to their evidence.

2. PRESUMPTIONS—*From the Use of a Partnership Name.*—The fact that a business is conducted in the name of a partnership coupled with the fact that different persons give their attention in the conduct of the business raises a strong presumption that such persons are partners.

**Bill to Account for Partnership Matters.**—Appeal from the Circuit Court of Jasper County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion filed September 8, 1900.

GIBSON & JOHNSON, attorneys for appellant; DAVIDSON & ISLEY, of counsel.

MAXWELL & JONES and FITHIAN & KASSERMAN, attorneys for appellee.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

·Appellee filed her bill in chancery in the Circuit Court of Jasper County, against appellant, to require him to account to her as administratrix of the estate of Martin Haug, deceased, for a claimed copartnership interest of deceased in a mercantile business, carried on and conducted for several years by appellant and deceased as copartners, at Hunt City, under the name of "A. Haug & Son," and

which partnership terminated by the death of Martin Haug, February 18, 1899.

The bill avers that the oratrix is the widow of the deceased, and that since his death, appellant has retained possession of the assets of the late firm, consisting of goods on hand and credits of the firm amounting to several thousand dollars, and is disposing of the goods and commingled other goods with them, and is collecting the credits of the firm, and refuses to file any inventory of the property, or to cause it to be appraised, but is using it as his own property, and sets up and insists that it is his own individual property, and that his deceased son, Martin, never was a copartner with him, or in anywise interested in the property.

The bill prays for an accounting of the partnership affairs, also for an injunction and receiver.

The answer of the respondent to the bill denies that any copartnership ever, in fact, existed between the deceased and himself, but admits that respondent refuses to file an inventory of the property of the alleged firm, and admits that he refuses to render any account of it, and sets up and claims all of the property to be his own individual property.

A replication was filed to the answer and the testimony of upward of forty witnesses was taken in open court, and the court rendered a decree finding that the deceased and appellant were copartners, and that appellant should account to appellee for one-fourth of the partnership assets after payment of the debts of the firm, and that appellant pay the costs.

The appeal brings nothing to this court for determination except as to the correctness of the finding of the court of the existence of a copartnership.

The abstract of the evidence, and in fact of the entire record, is full and exceedingly fair, so that the case is presented to us in the same manner, as nearly as possible, as it appeared to the court below, with the single exception that the chancellor heard the evidence as the witnesses gave it, while we can only read it; but we do not deem this fact of controlling importance, since we are unable to discover a disposition in any single witness to add to or withhold any

fact about which he was called to testify, and this applies as well to the immediate parties to the case as to those who have no personal interest in it.

It is true the number of witnesses who were called by appellant exceeded those called by appellee, but a majority in number of witnesses who testify is not always a true test of the weight to be given to their evidence, for reasons which courts often point out, and which are understood and appreciated by all intelligent persons without being repeated.

Without stopping to point it out, some of the evidence given by witnesses for appellee is more convincing to our minds that appellant fully understood that his son was a copartner with him in the mercantile business carried on at Hunt City, than the evidence of other witnesses adduced to establish the contrary.

The fact that the business was conducted in the name of " A. Haug & Son," coupled with the fact that Andrew Haug and his son, Martin, each personally gave his atten- tion to the business, raises a strong presumption that they were copartners in fact, and while such evidence alone is not conclusive, we are not able to say that it, with other strong evidence produced by appellee tending to establish the fact of a partnership, is overcome by appellant's wit- nesses, though more numerous than the witnesses produced by appellee.

We are unable to say the finding of the chancellor is not supported by the greater weight of the evidence, and there- fore the decree of the Circuit Court is affirmed.