(86 App. Div. 439.)

BUTLER v. AQUEHONGA LAND CO. OF STATEN ISLAND et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. MECHANICS' LIENS—LIABILITY OF OWNER—KNOWLEDGE—SUBCONTRACTOR—
      RIGHT TO LIEN.
          Laws 1897, p. 516, c. 418, § 4, provides that, if labor is performed for or material furnished to a contractor or a subcontractor for an improvement, the lien shall not be for a sum greater than the sum earned and unpaid on the contract at the time of filing the notice of lien and any sum subsequently earned thereon, and that in no case shall the owner be liable by reason of all liens to pay a sum greater than the value or agreed price of the labor and materials remaining unpaid at the time of filing notice of liens, except as thereafter provided. *Held*, that the fact that a subcontractor's work was done with the knowledge and consent of the owner did not entitle him to a lien on the property, regardless of the contract or conditions arising therefrom.

Appeal from Trial Term.

Action by Tunis E. Butler against the Aquehonga Land Company of Staten Island and another. From a decree foreclosing a mechanic's lien, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Louis Wertheimer, for appellants.
William D. Gaillard, for respondent.

JENKS, J. The general principle is that the lien of the subcontractor attaches to the locus in quo perforce of the owner's indebtedness to the contractor. Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017; Brainard v. County of Kings, 155 N. Y. 538, 50 N. E. 263. The plaintiff, with the burden upon him (Brainard v. County of Kings, supra), does not show that he is within the circumstances of either one of the three conditions stated in Van Clief's Case, supra, and approved in Brainard's Case, supra. He cannot have his judgment of foreclosure unless he can take his case out of the general rule. This he would do because the work was done with the knowledge and

consent of the owner. He pleads such circumstances, and the defendant company (by clerical error in its answer, it insists) does not deny the allegation. So the precise question is whether, regardless of the contract or any condition arising from it, the lien of a subcontractor attaches to the locus in quo, provided his work under the subcontract was done with the knowledge and consent of the owner. I think that it does not. Section 4 of the lien law (chapter 418, p. 516, Laws 1897) in part provides:

"If labor is performed for, or materials furnished to, a contractor or subcontractor for an improvement, the lien shall not be for a sum greater than the sum earned and unpaid on the contract at the time of filing the notice of lien, and any sum subsequently earned thereon. In no case shall the owner be liable to pay by reason of all liens, created pursuant to this article, a sum greater than the value or agreed price of the labor and materials remaining unpaid, at the time of filing notices of such liens, except as hereinafter provided."

If mere knowledge and consent establish liability in the owner to the subcontractor, so that the lien of the latter attaches to the locus in quo, then practically such liability would exist in every case where the owner knew that there was a subcontractor, and yet permitted him to continue the work. In other words, the owner must either show ignorance of the existence of the subcontractor, or his own refusal to permit the contractor to do work under his subcontract. If he simply stand by and see a subcontractor at work, though presumably upon his subcontract, yet such acquiescence permits the lien to attach regardless of the conditions attendant upon the contract. This question is well discussed by the Appellate Term in La Pasta v. Weil, 20 Misc. Rep. 554, 46 N. Y. Supp. 275. Pell v. Baur, 133 N. Y. 377, 31 N. E. 224, mainly relied upon by the learned counsel for the appellants, does not establish his proposition. The discussion on page 382, 133 N. Y., page 225, 31 N. E., is upon the policy of the law which permits reimbursement despite the nonexistence of agreement between owner and subcontractor. The conclusion of the court is not that the lien attaches merely upon the assent. Indeed, the practical conclusion of the court is that the subcontractor has a lien "for the amount of his debt upon the unpaid portion of the contract price."

The judgment should be reversed, and a new trial be granted, with costs to abide the final award of costs. All concur.