In the Matter of the Claim of WILBER M. HOUSTON, as Administrator with the Will Annexed of the Estate of JOHN W. MARSHALL, Deceased, Appellant, against JAMES BROWN, as Administrator, etc., of MARY B. MARSHALL, Deceased, Respondent.

Fourth Department, June 29, 1926.

Wills — construction — will bequeathed all property to wife for life with power of disposal during her lifetime — personal property not disposed of by wife passed to testator's next of kin on her death — part of bank deposit in name of partnership under wife's name was in existence on her death — evidence shows that partnership was composed of testator and wife — joint bank deposit made before enactment of provision now in Banking Law, § 249, and joint deposit thereafter became property of wife on death of testator.

Personal property devised by the testator to his wife for life with power of disposal during her lifetime, which is not disposed of by the wife during her lifetime, passes to the next of kin of the testator upon the death of the wife.

A part of a bank deposit made prior to the death of the testator in the name of the partnership operating under the name of the wife " & Co.," which was undisposed of at the time of the death of the wife, was a part of the estate of the testator, since it must be held that the name of the partnership indicates *prima facie* that it was composed of at least two members, otherwise there would have been a violation of section 924 of the Penal Law, and since the other evidence shows that testator took an active part in the partnership affairs and, therefore, it must be held that the partnership was composed of the testator and his wife.

A joint bank deposit in the name of the testator and his wife, either or the survivor to draw, which was made prior to the enactment of the provision now in section 249 of the Banking Law, and a joint bank deposit in the same form made after the enactment of that provision, passed to the wife on the death of the testator.

APPEAL by the plaintiff, Wilber M. Houston, as administrator, etc., from so much of the decree of the Surrogate's Court of the county of Monroe, entered in the office of said Surrogate's Court on the 31st day of December, 1925, as adjudges and decrees that the claim of the appellant is not a valid claim against the estate of Mary B. Marshall, deceased, and rejects and disallows said claim, with costs.

*Scott W. Skinner* [*George W. Watson* of counsel], for the appellant.

*George J. Skivington,* for the respondent.

SEARS, J.   John W. Marshall died on the 20th day of September, 1911, leaving a last will and testament containing the following provisions: " I give, devise and bequeath to my wife, Mary B. Marshall, all my property of every name and nature both real and personal of which I may die seized to have and to hold, and to dispose of during her lifetime as she may need for her support and maintenance and if there be any residue of my Estate I order and direct that it shall go to my next of kin or heirs at law." Under this clause Mary B. Marshall, testator's wife, became entitled to the possession of the testator's personal property for life with power to dispose of the same as stated in the will; and at the death of Mary B. Marshall such personal property remaining in her possession undisposed of passed to the next of kin of the testator.   (*Leggett* v. *Firth,* 132 N. Y. 7; *Terry* v. *Wiggins,* 47 id. 512; Real Prop. Law, § 149; Pers. Prop. Law, § 11; *Hasbrouck* v. *Knoblauch,* 130 App. Div. 378.)   It does not appear that there was any real property owned by the testator John W. Marshall at the time of his death.

Mary B. Marshall died intestate on the 3d day of April, 1924.

The administrator with the will annexed of the estate of John W. Marshall has filed a claim against the estate of Mary B. Marshall alleging that the administrator of her estate has in his

·possession certain property which his intestate received under her husband's will, and of which she did not make disposition during her lifetime under the power given to her, and that such property should now be paid over to him for distribution among the next of kin of John W. Marshall in accordance with the terms of his will. The claim also alleged a demand for such property and a refusal to turn it over, and contained a prayer for an accounting. The administrator of Mary B. Marshall's estate rejected the claim. The matter came on for a hearing in the Surrogate's Court. No objection was offered to the form of the proceeding or of the petition, and no technical objection in either of these respects is offered now. It was and still is the position of the administrator of Mary B. Marshall's estate that no such property was in the possession of his intestate at the time of her death, and that no such property is in his hands now. At the close of the claimant's case the learned surrogate dismissed the claim on the ground that the claimant had failed to produce evidence to show that any such ·property was held by Mary B. Marshall at the time of her death.

We are of the opinion that the learned surrogate was in error in this ruling, and that a *prima facie* case was made out in support of the claim.

· It appears that while both John W. Marshall and Mary B. Marshall were living a deposit account was opened with the Rochester Trust and Safe Deposit Company in the name of M. B. Marshall & Co. At the time of the death of John W. Marshall, this account showed a credit balance, and at the time of the death of Mary B. Marshall some part of such balance was still on deposit to her credit with the same bank. John W. Marshall's ownership of some part of this account depends upon whether he was associated with his wife in a partnership using the firm name of M. B. Marshall & Co. Without question the name M. B. Marshall in the designation M. B. Marshall & Co. represents Mary B. Marshall. The claimant at the hearing sought to show wholly by circumstantial evidence that Mary B. Marshall and John W. Marshall were partners doing business under the firm name of M. B. Marshall & Co. Evidence was adduced that during the years between 1891 and 1909, a grocery business was conducted in Caledonia, N. Y., under the name of M. B. Marshall & Co. John W. Marshall was engaged in that business. He peddled goods; he sold goods over the counter; he collected accounts owing the business, and adjusted accounts against the business; he and his wife consulted together as to purchases to be made for the business, and they both made out bills and made entries in the account books of the

business. No clerk was employed. The question is not one of apparent partnership, whether John W. Marshall was held out as a partner, but rather whether the actual relations of husband and wife as partners in the business is sufficiently established. During all the time that the business was carried on under the name of M. B. Marshall & Co., the statute forbade the use of such designation by a single person. (Penal Law, § 924, formerly Penal Code, § 363; Laws of 1881, chap. 676.) The use of the designation " M. B. Marshall & Co." particularly in view of this statute, is sufficient to establish *prima facie* that there was a partnership, and that there was another proprietor of the business besides Mary B. Marshall. (*Whitlock* v. *McKechnie*, 1 Bosw. 427; *Charman* v. *Henshaw*, 15 Gray, 293; *Haug* v. *Haug*, 90 Ill. App. 604.) The other proof noticed is competent as bearing upon the question (*Healy* v. *Clark*, 120 N. Y. 642; *Ryan* v. *Cavanagh*, 238 Fed. 604), and standing uncontradicted or unexplained, is sufficient to warrant a finding that John W. Marshall was the other partner in the concern. We conclude that as to moneys traceable to the firm account with the Rochester Trust and Safe Deposit Company, a *prima facie* case was made out.

We find no proof of other property of John W. Marshall continuing in his wife's hands until her death.

On June 4, 1906, John W. Marshall and Mary B. Marshall opened an account with the Rochester Savings Bank in their joint names, either or the survivor to draw. The record is silent as to the source of the money which went into this deposit, or as to whether the money deposited in this account belonged to one or the other of the depositors or to both, or as to the intention of the depositors as to their respective interests in the deposit, except as the form of the deposit itself is evidence of such intention. The account was opened before the adoption of the statute now embodied in an amended form in section 249 of the Banking Law of 1914, which declares the effect of such a deposit. (Laws of 1907, chap. 247, amdg. Laws of 1892, chap. 689, § 114.) Such statute, however, so far as it announces a rule of evidence, relates to deposits made before as well as after its enactment. (*McNett* v. *Crandell*, 172 App. Div. 375; *Matter of Mount Vernon Trust Co.*, 175 id. 353.) While, except for the statute, the depositors would seem from the proof to have been tenants in common as to the deposit (*Wetherow* v. *Lord*, 41 App. Div. 413; *Matter of Blumenthal*, 236 N. Y. 448, 452) in consequence of the rule of evidence contained in the statute, the depositors must be held to have had a joint interest with right of survivorship. (*Clary* v. *Fitzgerald*, 155 App. Div. 659; affd., 213 N. Y. 696; *Havens* v. *Havens*, 126 Misc. 155; affd., 215 App.

Div. 756.) On the death of the husband, so far as appears, the title to this deposit passed to the wife.

Another account in the names of John W. Marshall and Mary B. Marshall, either or the survivor to draw, with the Monroe County Savings Bank, was opened February 24, 1908. This was after the adoption of the statute mentioned above. (Banking Law of 1914, § 249, formerly Laws of 1892, chap. 689, § 114, as amd. by Laws of 1907, chap. 247.) By virtue of the rule of evidence embodied in the statute the proof leads to the conclusion, as in the case of the other deposit, that on the death of John W. Marshall, his wife became the sole owner of this account.

The decree in so far as appealed from should be reversed on the law and a new hearing ordered, with costs to appellant to abide the event.

HUBBS, P. J., DAVIS, CROUCH and TAYLOR, JJ., concur.

Decree so far as appealed from reversed on the law and a new hearing ordered, with costs to appellant to abide the event.