FRANK v. SCHULTZ.

1. COURT COMMISSIONERS—REFERENCE OF CASES—CONSTITUTIONAL
LAW.
     The practice of referring chancery cases to circuit court
     commissioners for taking proofs and reporting thereon is
     established by long-continued practice and is permitted
     under the Constitution by its provision that the legis-
     lature might provide by law for the election of one or more
     persons in each organized county who could be vested with
     judicial powers not exceeding those of a judge of the cir-
     cuit court at chambers, notwithstanding the office of master
     in chancery has been abolished by the Constitution (Const.
     1908, art. 7, §§ 5, 21; 3 Comp. Laws 1929, § 13697 et seq.).

2. PARTITION—ACCOUNTING.
     In suit whereby plaintiff sought partition of real estate
     and accounting of rentals received and also an accounting
     for moneys on deposit in three bank accounts against de-
     fendant, his sister, property involved in estate left them
     and another brother by their mother, where decree in cir-
     cuit court gave decree for partition and accounting for
     rentals, appellant advances no reason for not granting it
     and no inaccuracy is pointed out in such portion of the
     decree, the decree is affirmed in such particulars.

3. SAME—ACCOUNTING—LACHES—PREJUDICE.
     Heir's delay of upwards of six years in bringing suit for
     partition of real estate and for an accounting as to rentals
     and bank accounts did not afford defendant basis for denial
     of relief on ground of laches in absence of showing that
     she has been prejudiced in any manner by such delay.

4. JOINT TENANCY—BANK ACCOUNTS—GIFTS BY SURVIVOR.
     Title to bank accounts in the name of mother and daughter,
     one of four children surviving her, vested in the daughter
     as survivor upon the mother's death, and the gift of part
     thereof to the other children and promise to give more,
     being without consideration, did not make the daughter
     liable for the remainder even though she said it was the
     mother's intention to have the money divided equally,

BUSHNELL, C. J., and NORTH and McALLISTER, JJ., dissenting on the ground that statute as to such bank accounts gave to survivor only a prima facie evidence of ownership which in this case was clearly rebutted (3 Comp. Laws 1929, § 12063, as amended by Act No. 286, Pub. Acts 1937).

Appeal from Wayne; Dingeman (Harry J.), J. Submitted June 11, 1940. (Docket No. 84, Calendar No. 41,198.) Decided December 11, 1940.

Bill by William Frank against Bertha Schultz for partition of real estate and for an accounting. Decree for plaintiff. Defendant appeals. Reversed in part.

*Dennis Boyle,* for plaintiff.

*Leslie T. Jones (Thomas G. Jones,* of counsel), for defendant.

NORTH, J. Plaintiff in his bill of complaint, filed September 30, 1938, seeks partition and an accounting. From a decree granting the relief sought, defendant has appealed.

After this cause was at issue the circuit judge referred it to a circuit court commissioner for taking proofs and a report of his conclusions thereon This report was adverse to appellant. On motion of plaintiff's attorney the commissioner's report was confirmed May 18, 1939. Thereafter appellant filed a motion "for a new trial in this cause." The reason assigned in support of this motion was "That defendant should have a trial before a circuit judge in open court, pursuant to the Michigan Constitution, which has abolished masters in chancery." The motion was denied; and plaintiff embodies the question raised by this motion in this appeal. It is without merit. The practice of referring chancery

cases to circuit court commissioners for taking proofs and reporting thereon is not only established by long-continued practice, but it is given ample support in the Constitution and statutes of this State. It is sufficient merely to note that the Constitution of 1850 which provided: ''The office of master in chancery is prohibited,'' also provided: ''The legislature may provide by law for the election of one or more persons in each organized county, who may be vested with judicial powers not exceeding those of a judge of the circuit court at chambers.'' Const. 1850, art. 6, §§ 5 and 16. Both of these provisions were reembodied in our present Constitution. See Const. 1908, art. 7, §§ 5 and 21. In the exercise of its constitutional authority above quoted the legislature provided for the election and functioning of circuit court commissioners. 3 Comp. Laws 1929, § 13697 *et seq.* (Stat. Ann. § 27.219 *et seq.*).

Mrs. Minnie Frank, a widow, was the mother of three sons and two daughters, one of the latter being deceased. One of the sons is plaintiff herein and the surviving daughter is the defendant. In 1923 the mother had on deposit in three separate bank accounts money belonging to her. At that time she caused each of these accounts to be changed from one standing in her individual name to an account in the name of herself and the defendant jointly with the right of survivorship. There is no claim that this change in the condition of these accounts was procured by fraud or undue influence. From this time until her death, June 4, 1931, Mrs. Frank lived with her daughter. In August, 1925, Mrs. Frank made a will by the terms of which she gave $100 to each of three children of her deceased daughter, her watch and household furniture and furnishings to defendant herein, and the residue of

her estate (except real property hereinafter noted) in four equal shares to each of her four living children. Aside from the plaintiff the other two sons were Herman Frank and Gustave Frank. The one-fourth of the residue left to Gustave was placed in trust with the defendant with a proviso that it might be expended for his needs as defendant saw fit and upon his death the remaining portion of this one-fourth should be equally divided among the other three residuary legatees. Gustave died shortly after his mother, and except as hereinafter noted the testamentary provision for him has no bearing upon decision hereof. Defendant was named and served as executrix of Mrs. Frank's estate. At the time of the latter's death the three mentioned bank accounts totalled $24,410.29; but this was not inventoried as a part of the estate. At the time of her death Mrs. Frank was possessed of an interest in certain land contracts, but such interests were amicably divided among her children and are not involved in this controversy. She also owned two parcels of real estate which the bill of complaint alleges were left share and share alike to plaintiff and defendant and their brother Herman. Defendant filed her final account as executrix April 5, 1932. So far as appears from this record the probate court made no disposition of the real property, although it does appear that in November, 1933, defendant purchased the interest of her brother Herman therein. Defendant continued to manage the real property and to collect the rents therefrom until the decree was entered in this case, November 6, 1939.

By the decree in the circuit court plaintiff was granted the relief sought both as to partition of the real estate and an accounting for rentals received, and also an accounting for the moneys on deposit in the three bank accounts but charging plaintiff

with $5,000 of the deposited moneys which he had already received from defendant.

Aside from defendant's claim that she purchased and paid for plaintiff's interest in the real estate, which claim cannot be sustained under this record, no reason is advanced in appellant's brief, nor is any conceivable, why plaintiff should not have partition of the real estate and an accounting for the net rentals, plaintiff's share being $370.18. No inaccuracy is pointed out in the result at which the court arrived in this portion of its decree. In these particulars there is no merit in the appeal and the decree of the circuit court will be affirmed.

But appellant strenuously urges that since the money in the three bank accounts was placed in the names of the mother and herself jointly with the right of survivorship years before the mother's death and continued in the joint accounts, the mother being physically and mentally normal and there being no claim of fraud or undue influence, such deposits upon the mother's death became the sole property of defendant by virtue of the statutory provisions contained in 3 Comp. Laws 1929, § 12063 (Stat. Ann. § 23.303). As noted in appellant's brief, the statute was amended by Act No. 286, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 12063, Stat. Ann. 1940 Cum. Supp. § 23.303), which in part reads:

"When a deposit has been made, or shall hereafter be made, in any banking institution transacting business in this State, in the names of two or more persons, payable to either or the survivor or survivors, such deposit or any part thereof or any interest or dividend thereon and any additions thereto, made by any one of the said persons, shall become the property of such persons as joint tenants, and the same shall be held for the exclusive use of the

persons so named and may be paid to any one of said persons during the lifetime of said persons or to the survivor or survivors after the death of one of them, and such payment and the receipt or acquittance of the same to whom such payment is made shall be a valid and sufficient release and discharge to said banking institution for all payments made on account of such deposits prior to the receipt by said bank of notice in writing not to pay such deposit in accordance with the terms thereof.

"The making of the deposit in such form shall, in the absence of fraud or undue influence be *prima facie* evidence, in any action or proceeding, to which either such banking institution or surviving depositor or depositors is a party, of the intention of such depositors to vest title to such deposit and the additions thereto in such survivor or survivors."

Notwithstanding the amended statute was enacted subsequent to the closing of Mrs. Frank's estate, appellant in her brief states:

"It will be noted that the amendment purports to apply to deposits already made as well as to future deposits. Being a rule of evidence, the statute validly may so apply. *Marshall* v. *Marshall* (1926), 217 App. Div. 229 (216 N. Y. Supp. 673). Accordingly, the present case is controlled by the statute as amended.

"The statute, as amended, expressly provides in accordance with the previous holdings of this Court, that the making of deposits in a joint account is, in the absence of fraud or undue influence, *prima facie* evidence of the intention of the parties to vest title to the balance, on the death of one of them, in the survivor. * * * The burden of proof of overcoming and rebutting this presumption rests on the party attacking same."

Numerous decisions of this Court attest the correctness of the appellant's contention that when

Mrs. Frank's bank deposits were placed in joint accounts the moneys on deposit became *prima facie* joint property of appellant and her mother with the right of survivorship. *In re Rehfeld's Estate,* 198 Mich. 249; *Equitable & Central Trust Co.* v. *Zdziebko,* 260 Mich. 366, and cases cited. The question before us is whether the *prima facie* ownership is met and overcome by the testimony produced in the instant case, as was held by the circuit judge who adopted a detailed finding of the circuit court commissioner covering this issue.

In so far as the circuit court commissioner's report embodies material facts on this phase of the case we find his report sustained by the record. In part the commissioner's finding reads:

"All of the moneys in the bank accounts which the said Minnie Frank left at the time of her death were accumulated by the thrift and endeavor of the parents of the parties hereto.

"Sometime subsequent to the death of the said Minnie Frank all of the heirs held a conference at the home of the defendant, relative to the estate of their mother, and at this time the defendant herein produced the bank accounts showing the moneys in various banks and advised the heirs that the same would be equally distributed. Pursuant to this decision each of the heirs received from the defendant the sum of $4,000 and subsequent thereto the plaintiff herein received an additional $1,000. Plaintiff has therefore received from the estate of his mother, the sum of $5,000. I find as a matter of fact that the payment of the aforesaid money to the plaintiff herein by the defendant was made as part of the distribution of the moneys in the bank, which she conceived as belonging to all of the children. It was agreed between all of the heirs at the conference hereinbefore specified that this money would be equally distributed and thus there would be no ne-

cessity as far as they saw it to include the same in the proceedings in probate court in the probating of the said estate. As a result thereof there was not any mention in the said probate proceedings of these moneys."

As relevant to the commissioner's finding above noted we quote briefly from plaintiff's testimony:

"At that time after the will was read my sister said, and here's the bank books, you can look at them and this is the money that ma has left for us and she wants me to divide this equally and she has hopes there won't be any arguments about it, she wanted me to divide this among [amount?] equally between the four of us."

Notwithstanding defendant was a witness at the hearing, and was on the witness stand both before and after the above testimony was given, neither she nor any other witness contradicted the testimony just above quoted. It stands undisputed.

The record sustains the conclusion that in accordance with the mother's desire as indicated by the above-quoted testimony, defendant herein did make equal distribution of the bank deposits to the respective children to the extent of $4,000. Defendant's testimony given in an attempted explanation of why she paid out of these funds to plaintiff $4,000 on one occasion and $1,000 on another is not at all credible. We are in accord with the commissioner's conclusion wherein he stated:

"I think it is the logical inference from the circumstances as disclosed by the evidence surrounding the conference of the parties subsequent to the death of the mother and at which time the defendant herein disclosed the bank accounts and declared the contents thereof should be equally distributed among the heirs, that there was no intention on her

part at this time to claim all of the money as her own and by virtue of survivorship; that this is plainly indicated by her personal distribution of these moneys.   *   *   *

"It is my opinion that the moneys in the bank were to be distributed equally among all the heirs."

We find no justification in this record for disturbing the above-noted findings of the circuit court commissioner which were adopted by the circuit judge in part as the basis of his decree for an accounting.

It may be further noted that it was in consequence of defendant's statement "that ma has left for us and she wants me to divide this [money in the banks] equally" that plaintiff and his brother agreed that defendant as the executrix of her mother's estate should not inventory the bank accounts as a part of the estate, and also it was because of such understanding and agreement that plaintiff and his brother later approved defendant's final accounting as executrix and permitted the estate to be closed. At that time defendant as the executrix of her mother's estate stood in a fiduciary relation to the other heirs; and in that capacity she was bound to act in the utmost good faith. Surely a court of equity ought not to permit one acting in a fiduciary relation to profit by his or her own deceit.

The fair conclusion from this record is that defendant as survivor of her mother held the deposited moneys in trust to be divided equally between the four surviving children. By the express terms of the statute, title to the moneys deposited in the joint accounts did not by reason of such deposit pass absolute ownership to defendant. It only afforded her "prima facie evidence" of ownership. To hold otherwise is in direct conflict with recent decisions of this Court. Esling v. City Nat'l Bank & Trust

*Co.,* 278 Mich. 571; *Van't Hof* v. *Jemison,* 291 Mich. 385. The testimony given in this case clearly rebuts such *prima facie* evidence. Under defendant's own statement as disclosed by this record, these joint deposits of the mother's money were not made with the intent on the part of either the mother or the defendant that the latter, if she survived her mother, should become the sole owner of all the money so deposited. Instead defendant knew that she as survivor was merely to take and hold these deposits for the purpose of enabling her to divide the moneys equally between her and her brothers. This was the very purpose, according to defendant's own statement, of creating the joint accounts; and no consideration was necessary to render enforcible in equity defendant's obligation to account to her brothers. The undisputed testimony in this record establishes defendant's admission of this obligation.

The jurisdiction in equity to adjudicate the controverted issues presented by this record is not questioned. In any event we think it is clear that plaintiff's claim of relief by way of partition, which has been established, places jurisdiction in the equity court; especially since it appears that all rights of creditors against the Emma Frank estate have been satisfied and that the estate was closed long before this suit was instituted. There is no merit to appellant's contention that plaintiff should be denied relief on the ground of laches. No showing is made that she has been prejudiced in any manner by plaintiff's delay in bringing this suit. *Howe* v. *Patron's Mutual Fire Ins. Co.,* 216 Mich. 560; *Angeloff* v. *Smith,* 254 Mich. 99.

By the decree in the circuit court defendant was required to account to plaintiff in a total amount of $1,811.87 which is made up of the following items: Plaintiff's share of net rentals received from real

estate, $370.18; balance due to plaintiff from bank deposits, $581.27; and plaintiff's share in the net remainder of the bequest to his brother Gustave Frank upon the latter's death, $860.42. The record sustains the determination of the amount of these respective items. The decree entered in the circuit court is affirmed, with costs to appellee.

BUSHNELL, C. J., and McALLISTER, J., concurred with NORTH, J.

WIEST, J. (*for reversal in part*). The bank accounts vested in defendant as survivor and her gift of a part thereof to plaintiff and her promise to give more, being without consideration, do not make defendant liable for the remainder, even though she said such was the mother's intention.

In this respect the decree is reversed, with costs.

SHARPE, CHANDLER, and BUTZEL, JJ., concurred with WIEST, J. The late Justice POTTER took no part in this decision.