## ANGELOFF v. SMITH.

1. DIVORCE—TENANTS IN COMMON—STATUTES.

Where divorce decree did not dispose of lot owned by the parties by entireties, they held title thereafter as tenants in common (3 Comp. Laws 1929, § 12767).

2. EQUITY—LACHES.

Doctrine of laches is founded on long inaction to assert right, attended by such intermediate change of conditions as renders it inequitable to enforce the right.

3. SAME—APPLICABILITY OF LACHES TO VESTED TITLE.

Where right is not executory one but is vested legal title, doctrine of laches has little, if any, application, and this is particularly true where title is of record for world to see.

4. SAME—INFANTS—LACHES.

Right to relief is not lost through nonaction during minority, as laches does not run against infant.

5. SAME—RECOGNITION OF RIGHT OBVIATES NECESSITY OF ASSERTING IT.

Where grantee recognized that plaintiff had right in lot, necessity of asserting it by action was obviated.

6. SAME—INFANTS—LACHES—CONSTRUCTIVE NOTICE—TENANTS IN COMMON.

Divorced wife is not barred by laches from asserting her right to lot owned by her and husband as tenants in common, and conveyed by husband alone, where part of time she was minor, defendant's grantor recognized her right, and she commenced suit soon after learning of conveyance to defendant, who bought with constructive notice of her title.

Appeal from Wayne; Robertson (William), J., presiding. Submitted January 6, 1931. (Docket No. 16, Calendar No. 34,525.) Decided April 7, 1931.

Bill by Helen Angeloff against William E. Smith and others for partition of real estate. Decree for defendants. Plaintiff appeals. Reversed.

*Sol. Blumrosen,* for plaintiff.

*Henry P. Rosin,* for defendants.

Fead, J. This is a bill for partition of a lot in Detroit. Defendants, by cross-bill, claimed plaintiff was barred by laches from asserting title, and they had decree. The charge of laches is that plaintiff stood by for many years and saw her former husband, Vasile Huja, and grantees through him dealing with the property and made no claim of title.

The oral testimony is quite uncertain and fragmentary and the record evidence, therefore, is of particular weight. May 22, 1917, plaintiff, then 17 years of age, and Huja, then her husband, took title to the lot by the entireties. The deed was duly recorded May 24, 1917. The same summer Huja filed a bill for divorce and had decree February 21, 1918. The decree did not dispose of the lot, and, under 3 Comp. Laws 1929, § 12767, the parties held title thereafter as tenants in common. Nevertheless, on August 3, 1918, Huja, as a single man, deeded the whole lot to Vasile Faje. Huja testified that plaintiff had signed a land contract on sale to Faje, but it was not produced, and the circuit court evidently gave no weight to the claim. On June 27, 1919, Faje conveyed to Aaron and Rosa Fiaeska and they to defendant Smith in 1925. Fiaeska built a house on the lot, but it does not appear when. The evidence disclosed no other improvements made upon the property at any time. Plaintiff became of age May 10, 1921. In 1923, Fiaeska visited her in Ohio and offered to purchase her interest in the lot, but she refused to sell until she should return to Detroit.

Plaintiff knew of Huja's sale of the lot to Faje, perhaps about the time it occurred. She was then a minor, and, it is apparent, did not know much about the title. It does not appear that she knew of the sale to Smith until shortly before suit brought, when she had the title examined. It is uncertain whether she knew in 1923 that Fiaeska had actually bought or discovered it later.

Faje is dead. Fiaeska was available to defendants but was not produced. Smith testified he did not know anything about plaintiff's interest in the property when he bought, but he did not disclose whether he had examined an abstract nor that he had paid valuable consideration nor that he thought he was obtaining a clear title to the whole premises when he purchased.

The doctrine of laches is founded upon long inaction to assert a right, attended by such intermediate change of conditions as renders it inequitable to enforce the right. *Epstean* v. *Mintz*, 226 Mich. 660.

Where the right is not an executory one but is a vested legal title, the doctrine of laches has little, if any, application. 21 C. J. p. 215. This is particularly true where the title is of record for the world to see.

Plaintiff lost no right to relief through nonaction during her minority, as laches does not run against an infant. *Putnam* v. *Tinkler*, 83 Mich. 628; *Dragoo* v. *Dragoo*, 50 Mich. 573.

Fiaeska's recognition of her title obviated the necessity of her asserting it against him by action. 21 C. J. p. 243.

No equities run against her in favor of Smith, as he bought with constructive notice of her title and she brought suit shortly after learning of the con-

veyance to him. The case is not accompanied by elements of estoppel and plaintiff cannot, under the circumstances, be held guilty of laches.

Decree is reversed, and one may be entered for partition upon prayer in the bill, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.