# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Corbin R. Davis

## DUPREE v AUTO-OWNERS INSURANCE CO

Docket No. 147647.  Decided November 18, 2014.

Michele Dupree brought an action in the Wayne Circuit Court against Auto-Owners Insurance Company, seeking to recover, under her homeowners' insurance policy, the full cost of repair or replacement for the personal property that was destroyed in a fire at her home.  Because the parties did not agree on the extent of the personal property loss, the parties submitted separate appraisals to an umpire under the process set forth in the insurance policy as mandated by MCL 500.2833(1)(m).  The umpire issued an appraisal award that set forth the full replacement cost, the applicable depreciation, and the actual cash value loss of the property. Defendant paid plaintiff the actual cash value of the property but refused to pay the full replacement cost on the ground that plaintiff had failed to submit proof, in accordance with the replacement-cost provision of her insurance policy, that she had actually replaced the damaged property.  The court, Daniel P. Ryan, J., denied defendant's motion for summary disposition and granted summary disposition to plaintiff under MCR 2.116(I)(2), and defendant appealed as of right.  The Court of Appeals, STEPHENS, P.J., and WILDER and OWENS, JJ., affirmed in an unpublished opinion per curiam issued July 18, 2013 (Docket No. 310405), holding that the umpire's appraisal award under MCL 500.2833(1)(m) was conclusive with regard to the amount of loss and that, because the award constituted a judgment, it superseded the policy's replacement-cost provision.  Defendant appealed.

In an opinion per curiam signed by Chief Justice YOUNG and Justices MARKMAN, KELLY, ZAHRA, McCORMACK, and VIVIANO, the Supreme Court, in lieu of granting leave to appeal and without hearing oral argument, *held*:

Plaintiff was not entitled to the full replacement cost of her property.  Although judicial review of appraisal awards under MCL 500.2833(1)(m) is generally limited to instances of bad faith, fraud, misconduct, or manifest mistake, that deference was inapplicable because the award at issue could not be read as a conclusive judgment for replacement cost.  Therefore, the terms of the replacement-cost provision in plaintiff's homeowners' policy controlled the scope of her appraisal award.  Because plaintiff failed to submit proof of actual loss in accordance with that provision, defendant was liable for only the actual cash value of plaintiff's damaged personal property.

Court of Appeals judgment reversed; case remanded to the Wayne Circuit Court for entry of an order vacating its ruling in plaintiff's favor and granting summary disposition in favor of defendant.

Justice CAVANAGH would have denied the application for leave to appeal.

©2014 State of Michigan

# Opinion

Chief Justice:                  Justices:
Robert P. Young, Jr.    Michael F. Cavanagh
                        Stephen J. Markman
                        Mary Beth Kelly
                        Brian K. Zahra
                        Bridget M. McCormack
                        David F. Viviano

FILED NOVEMBER 18, 2014

STATE OF MICHIGAN

SUPREME COURT

MICHELE DUPREE,

      Plaintiff-Appellee,

v                                                                 No. 147647

AUTO-OWNERS INSURANCE
COMPANY,

      Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH

PER CURIAM.

After her home and much of its contents were damaged by fire, plaintiff sought coverage under the terms of a homeowners insurance policy issued by defendant. Although the parties were able to settle plaintiff's claim for damages to her dwelling, they were unable to agree on the extent of the loss incurred to plaintiff's personal property. Consequently, the parties invoked the policy's fire loss appraisal provision, which provided in relevant part as follows:

If **you** and **we** [defendant] fail to agree on the actual cash value or amount of loss covered by this policy, either party may make written demand for an appraisal. . . .

The appraisers shall then appraise the loss, stating separately the actual cash value and loss to each item. If the appraisers submit a written report of an agreement to **us** [defendant], the amount agreed upon shall be the actual cash value or amount of loss. If they cannot agree, they will submit their differences to the umpire. A written award by two will determine the actual cash value or amount of loss.[1]

After the parties' respective appraisers submitted their differences, the umpire issued an

appraisal award, which read in pertinent part:

We the undersigned, pursuant to the within appointment, DO HEREBY CERTIFY that we truly and conscientiously performed the duties assigned us, agreeably to the foregoing stipulations, and have appraised and determined and do hereby award as the Actual Cash Value of said property on the 12th day of August 2005 and the amount of loss thereto by the fire on the [sic] that day, the following sums, to wit:

(1) THE FULL COST OF REPAIR OR REPLACEMENT IS ……... $167,923.60

---

[1] This appraisal process is statutorily mandated by MCL 500.2833(1)(m), which states:

(1) Each fire insurance policy issued or delivered in this state shall contain the following provisions:

\* \* \*

(m) That if the insured and insurer fail to agree on the actual cash value or amount of the loss, either party may make a written demand that the amount of the loss or the actual cash value be set by appraisal. . . . The appraisers shall then set the amount of the loss and actual cash value as to each item. If the appraisers submit a written report of an agreement to the insurer, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any 2 of these 3 shall set the amount of the loss. . . .

> (2) APPLICABLE DEPRECIATION ……………………………….
> $39,673.48
>
> (3) THE ACTUAL CASH VALUE LOSS IS ……………………..
> $128,250.12

Defendant compensated plaintiff $128,250.12 for the actual cash value of her damaged personal property, but it refused to pay the additional depreciation amount of $39,673.28 on the basis that plaintiff had failed to comply with the policy's replacement cost provision, which provided that, as a prerequisite to payment, plaintiff submit proof that she actually replaced her damaged personal property:

> If the full cost to replace all damaged covered property under the provisions of this section exceeds $500, **we** [defendant] will pay no more than the actual cash value of such property until actual repair or replacement of such property is completed. Actual cash value includes a deduction for depreciation.[2]

Plaintiff sued to recover the additional depreciation amount and the circuit court granted summary disposition in her favor. The Court of Appeals affirmed. *Dupree v Auto-Owners Insurance Company*, unpublished opinion per curiam of the Court of Appeals, issued July 18, 2013 (Docket No. 310405).

The sole issue before this Court is whether plaintiff's appraisal award entitled her to only the actual cash value of her damaged personal property or whether defendant is

---

[2] The propriety of this provision is not in dispute as it was authorized by MCL 500.2826, which reads in pertinent part:

> A fire policy issued pursuant to this section may provide that there shall be no liability by the insurer to pay the amount specified in the policy unless the property damaged is actually repaired, rebuilt, or replaced at the same or another site.

3

liable for the full replacement cost of that property, i.e., actual cash value plus the applicable depreciation amount.

To determine the extent of defendant's liability, it is necessary to ascertain the scope of the appraisal award. While matters of *coverage* under an insurance agreement are generally determined by the courts, the *method* of determining the loss is a matter reserved for the appraisers.[3] And because the statutorily mandated appraisal process set forth in MCL 500.2833(1)(m) is regarded as a "substitute for judicial determination of a dispute concerning the amount of a loss,"[4] "the amount of loss attributable to personal property damage, as determined by the appraisers, is conclusive."[5] Given this conclusiveness, judicial review of an appraisal award is therefore "limited to instances of bad faith, fraud, misconduct, or manifest mistake."[6] Applying these principles to the facts in this case, if the appraisal award is read as awarding plaintiff the replacement cost of her damaged property, then the award is conclusive in that respect and, absent bad faith, fraud, misconduct, or manifest mistake, it will supersede the insurance policy's replacement cost provision. If, however, the appraisal award is viewed as involving a matter of coverage under the insurance contract, then the award is not afforded

---

[3] See *Auto-Owners Ins Co v Kwaiser*, 190 Mich App 482, 487; 476 NW 2d 467 (1991); MCL 500.2833(1)(m).

[4] *Kwaiser*, 190 Mich App at 486, quoting *Thermo-Plastics R & D, Inc v Gen Accident Fire & Life Assurance Corp, Ltd*, 42 Mich App 418, 422, 202 NW2d 703 (1972).

[5] *Kwaiser*, 190 Mich App at 488.

[6] *Id*. at 486, citing *Port Huron & N R Co v Callanan*, 61 Mich 22, 26; 34 NW 678 (1887); *Davis v Nat'l American Ins Co*, 78 Mich App 225, 232; 259 NW2d 433 (1977).

4

conclusive effect, the policy language is not beyond the scope of judicial review, and the limiting terms of the insurance policy's replacement cost provision will remain determinative.

A plain reading of the appraisal award does not support the lower courts' determination that plaintiff is entitled to the full replacement cost of her damaged personal property, particularly where the informing language states, "We . . . do hereby award as *the Actual Cash Value* of said property . . ." (emphasis added). Indeed, if any part of the appraisal award constitutes a binding and conclusive judgment, it is the part that awards plaintiff the actual cash value of her damaged property. While we are mindful that review of appraisal awards is especially limited, that deference is inapplicable because the issue here pertains to a condition *precedent* that has not been met under the terms of the insurance policy, namely, submission of proof of actual loss. Accordingly, before it can be determined that the appraisal award constituted a conclusive judgment for replacement cost that superseded the insurance policy's replacement cost provisions, there is the preliminary question concerning whether the appraisal award entitled plaintiff to the replacement cost or the actual cash value of her damaged personal property.

Because the appraisal award cannot be read as a "conclusive" judgment for replacement cost, the terms of the replacement cost provision under the insurance policy control the scope of plaintiff's appraisal award. Consequently, plaintiff's failure to submit proof of actual loss in accordance with that provision entitles her to only the actual cash value of her damaged personal property. In lieu of granting defendant's application for leave to appeal, we reverse the judgment of the Court of Appeals and

5

remand this case to the Wayne Circuit Court for entry of an order vacating its ruling in plaintiff's favor and granting summary disposition in favor of defendant.

> Robert P. Young, Jr.
> Stephen J. Markman
> Mary Beth Kelly
> Brian K. Zahra
> Bridget M. McCormack
> David F. Viviano

CAVANAGH, J. I would deny the application for leave to appeal.

6