# STATE OF MICHIGAN

# COURT OF APPEALS

ALBERT HALL LUKE,

        Plaintiff-Appellant,

v

HOME-OWNERS INSURANCE COMPANY,
also known as AUTO OWNERS INSURANCE
COMPANY, also known as AUTO-OWNERS
INSURANCE COMPANY MUSKEGON CLAIM
BRANCH OFFICE,

        Defendant-Appellee,

and

LINCK INSURANCE AGENCY, INC., and
SUSIE K. HAGGERTY,

        Defendants.

UNPUBLISHED
January 19, 2017

No.   329433
Ottawa Circuit Court
LC No.   14-004018-CZ

Before:  MURPHY, P.J., and METER and RONAYNE KRAUSE, JJ.

PER CURIAM.

This insurance case arises out of a dispute between homeowner plaintiff, Albert Luke, and his insurer, defendant Home-Owners Insurance Company (Home-Owners), regarding losses caused by ice damage to plaintiff's home.  The trial court, while awarding plaintiff some penalty interest, granted Home-Owners' motion to confirm an umpire's report, which adopted the loss calculations of Home-Owners' appraiser, dismissed plaintiff's remaining claims, and denied plaintiff's request for attorney fees.  We affirm.

Home-Owners issued a homeowners insurance policy to plaintiff.  In January 2014, plaintiff noticed ice damage to his roof.  He reported the damage to Home-Owners.  Plaintiff and Home-Owners were unable to agree on the amount of loss.  And then, after they had each

selected an appraiser, they were unable to agree on an umpire.[1] Plaintiff sued Home-Owners, requesting the trial court to appoint an umpire. The complaint also included counts for breach of contract and violation of the Uniform Trade Practices Act, MCL 500.2001 *et seq.* The trial court appointed an umpire and ordered the umpire to inspect plaintiff's residence with the parties' appraisers.

After receiving submissions from the appraisers and meeting with them, the umpire issued his report. The umpire agreed with and adopted the loss calculations of Nick Woloszyk, the appraiser for Home-Owners. The umpire found that the replacement cost value (RCV) for the damage to plaintiff's residence and deck was $25,167.36, while the actual cash value (ACV) was $21,289.72. On Home-Owners's motion, the trial court confirmed the umpire's report and dismissed plaintiff's breach of contract claim. The trial court awarded plaintiff 12% penalty interest, pursuant to MCL 500.2006(4), on the amount awarded to him in the appraisal process, less any deductibles and the amount Home-Owners had paid within 60 days after receiving his proof of loss. The trial court also denied plaintiff's request for attorney fees. On appeal, plaintiff argues that the trial court erred in confirming the umpire's report because the umpire

---

[1] The appraisal process, such as is contained in the insurance policy here, is required to be included in every fire insurance policy issued or delivered in the state of Michigan under MCL 500.2833, which provides, in pertinent part:

(1) Each fire insurance policy issued or delivered in this state shall contain the following provisions:

* * *

(m) That if the insured and insurer fail to agree on the actual cash value or amount of the loss, either party may make a written demand that the amount of the loss or the actual cash value be set by appraisal. If either makes a written demand for appraisal, each party shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days after receipt of the written demand. The 2 appraisers shall then select a competent, impartial umpire. If the 2 appraisers are unable to agree upon an umpire within 15 days, the insured or insurer may ask a judge of the circuit court for the county in which the loss occurred or in which the property is located to select an umpire. The appraisers shall then set the amount of the loss and actual cash value as to each item. If the appraisers submit a written report of an agreement to the insurer, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any 2 of these 3 shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by the insured and the insurer.

inadvertently made a coverage determination. According to plaintiff, the reason for the difference in the amounts of loss in the appraisals submitted to the umpire by Woloszyk and Ed Benavides, plaintiff's appraiser, was that the appraisals submitted by Woloszyk failed to include all coverages allowed under the insurance policy. Judicial review of an umpire's award is limited to instances of bad faith, fraud, misconduct, or manifest mistake. *Emmons v Lake States Ins Co*, 193 Mich App 460, 466; 484 NW2d 712 (1992). The party assailing an umpire's decision has the burden of proof. See *id.*

The appraisal process is "a 'substitute for judicial determination of a dispute concerning the amount of a loss,' which is 'a simple and inexpensive method for the prompt adjustment and settlement of claims.' " *Auto-Owners Ins Co v Kwaiser*, 190 Mich App 482, 486; 476 NW2d 467 (1991) (citation omitted). The amount of loss as determined in the appraisal process is conclusive. *Id.* at 488. It is because of this conclusiveness that judicial review of an umpire's award is extremely limited. *Dupree v Auto-Owners Ins Co*, 497 Mich 1, 5; 857 NW2d 247 (2014). "While matters of *coverage* under an insurance agreement are generally determined by the courts, the *method* of determining the loss is a matter reserved for the appraisers." *Id.* at 4-5; see also *Auto-Owners Ins*, 190 Mich App at 486 (matters of an insurance policy's coverage are for a court to decide). "The appraisal process cannot legally settle coverage issues." *Auto-Owners Ins*, 190 Mich App at 487. If the parties cannot agree on coverage, the trial court must determine the scope of coverage in a declaratory action before the issue of amount of loss is sent to the appraisal process. *Id.*

Plaintiff asks this Court to compare the appraisals submitted by Benavides with the "drastically different appraisals" submitted by Woloszyk, which are attached as exhibit E to his brief on appeal. However, the documents contained in exhibit E were not submitted to the trial court in conjunction with Home-Owners's motion to confirm the umpire's report. This Court's review of a trial court's decision on a motion is limited to the evidence that was presented to the trial court at the time the motion was decided. *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009); *Peña v Ingham Co Rd Comm*, 255 Mich App 299, 313 n 4; 660 NW2d 351 (2003). Accordingly, we should decline to consider the documents contained in exhibit E to plaintiff's brief on appeal.

Before the trial court, in arguing that the umpire made a coverage determination, plaintiff relied on a February 2014 final loss report prepared by Jack Fielder, which provided that the RCV of the damage to plaintiff's residence was $3,506.64 and the ACV was $3,003.69. Plaintiff argued that a comparison between the February 2014 final loss report and Benavides's appraisals revealed that the final loss report failed to include amounts for structural drying, mold mitigation, repairs to the walls, roof, and foundation, securing and leveling of the floors, and inspection and repair to the electrical wiring. However, there was no evidence in front of the trial court indicating that the February 2014 final loss report was submitted to the umpire. Where plaintiff's argument that the umpire made a coverage determination was based on a report that was not shown to have been given to the umpire, the argument was nothing but speculation. Accordingly, the trial court did not err in rejecting plaintiff's argument that the umpire's report could not be confirmed because the umpire made a coverage determination.

Additionally, even upon consideration of the documents included in Exhibit E to plaintiff's brief on appeal, plaintiff fails to show that the umpire made a coverage determination.

Exhibit E contains a letter from Woloszyk to the umpire, in which Woloszyk informed the umpire that there were two main areas of disagreement between the appraisers and other inspectors hired by the parties: (1) whether plaintiff's residence had to be completely gutted in order to properly dry the underlying materials; and (2) whether any "structural deflection" was the result of the recent accumulation of ice and snow. Because plaintiff fails to acknowledge these disagreements, plaintiff has not provided us with any basis to conclude that the difference in the amounts of loss in the appraisals submitted by Benavides and Woloszyk was not simply the result of the disagreements between the two sides regarding the extent of damage to plaintiff's residence caused by the accumulation of ice and snow and the repairs needed to fix the damage. Accordingly, plaintiff has not shown that the trial court erred in confirming the umpire's report. The amount of loss as determined in the appraisal process is generally conclusive, *Auto-Owners Ins*, 190 Mich App at 486, and plaintiff has failed to show that the umpire made an improper coverage determination.

Plaintiff also argues that the trial court erred in confirming the umpire's report because Home-Owners, by participating in case evaluation, waived its right to rely on the umpire's report. "A waiver is a voluntary relinquishment of a known right." *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 204; 747 NW2d 811 (2008) (citation and quotation marks omitted). What constitutes a waiver is a question of law, *Angott v Chubb Group Ins*, 270 Mich App 465, 469; 717 NW2d 341 (2006), and we review questions of law de novo, *Brown v Loveman*, 260 Mich App 576, 591; 680 NW2d 432 (2004).

Case evaluation and the appraisal process are means to encourage prompt resolution of claims. See *Smith v Khouri*, 481 Mich 519, 527-528; 751 NW2d 472 (2008); *Auto-Owners Ins*, 190 Mich App at 486. Plaintiff has presented no caselaw indicating that these two alternative means of resolution are mutually exclusive, such that both cannot be used in the same case. In fact, *Acorn Investment Co v Mich Basic Prop Ins Ass'n*, 495 Mich 338, 348-350; 852 NW2d 22 (2014), wherein the Supreme Court held that the plaintiff was entitled to costs under MCR 2.403 because the outcome of the appraisal process was more favorable to it than the case evaluation award, indicates that the appraisal process and case evaluation can be used in the same case.

A case evaluation panel must make an award that encompasses all claims filed by a plaintiff against a defendant. MCR 2.403(K)(2). But the case evaluation award is not binding on the parties. Each party must either accept or reject the award. MCR 2.403(L)(1). If all the parties accept the case evaluation award, judgment will be entered in accordance with the award, unless the amount of the award is paid within 28 days after notification of the acceptances, in which case the trial court shall dismiss the action with prejudice. MCR 2.403(M)(1). The judgment or dismissal is deemed to dispose of all claims in the action and includes all fees, costs, and interest up to the date it is entered. *Id.* However, the appraisal process is only a substitute for a judicial determination of the dispute concerning the amount of loss. *Auto-Owners Ins*, 190 Mich App at 486. Thus, in cases where the appraisal process is used, any disputes between the parties other than the amount of loss must be resolved through judicial determination. And specifically, in the present case, after the umpire issued his report, plaintiff's claim that he was entitled to 12% penalty interest under MCL 500.2006 remained. See *Acorn Investment Co*, 495 Mich at 351-352 ("Even if [the defendant insurance company] had immediately paid the appraisal panel's award, the circuit court would still have had matters to attend to, including awarding interest under MCL 500.2006 for defendant's failure to pay in a timely fashion.").

Where the case evaluation award would encompass all of plaintiff's claims against Home-Owners, and where plaintiff had the right to reject the case evaluation award, Home-Owners cannot be held to have voluntarily relinquished its right to rely on the umpire's report, should the case evaluation award not be accepted by the parties, by participating in case evaluation. Accordingly, Home-Owners' participation in case evaluation did not preclude the trial court from confirming the umpire's report.

Next, plaintiff argues that, because Home-Owners participated in case evaluation, the doctrine of laches precluded the trial court from confirming the umpire's report. Additionally, plaintiff argues that the trial court erred in hearing Home-Owners' motions on August 14, 2015, because proper notice was not given. Because these two arguments were first raised in plaintiff's motion for reconsideration, they are not properly preserved for appellate review. *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). We shall, however, exercise our discretion and review the unpreserved arguments. See *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 234; 507 NW2d 422 (1993) ("Issues raised for the first time on appeal are not ordinarily subject to review.").

Laches is an affirmative defense. *Attorney General v PowerPick Player's Club of Mich, LLC*, 287 Mich App 13, 51; 783 NW2d 515 (2010). It is triggered when a plaintiff has not exercised reasonable diligence in vindicating his or her rights. *Knight v Northpointe Bank*, 300 Mich App 109, 115; 832 NW2d 439 (2013). In determining whether laches applies, a court must look at the prejudice to the defendant occasioned by the delay. *Id.* There must be an intermediate change of conditions that renders it inequitable to allow the plaintiff to enforce his or her rights. *Angeloff v Smith*, 254 Mich 99, 101; 235 NW 823 (1931); *Attorney General*, 287 Mich App at 51. Because laches is an affirmative defense and it allows a court to withhold relief to a plaintiff who did not exercise reasonable diligence in vindicating his or her rights, plaintiff's reliance on the doctrine of laches to argue that Home-Owners could not rely on the umpire's reward is misplaced. Regardless, plaintiff makes no claim that, as a result of Home-Owners' participation in case evaluation, there was an intermediate change in conditions. *Angeloff*, 254 Mich at 101. Plaintiff's argument regarding laches is without merit.

With regard to notice, a motion for summary disposition under MCR 2.116 "must be filed and served at least 21 days before the time set for the hearing," unless a different period is set by the trial court. MCR 2.116(G)(1)(a)(i). Assuming, but without deciding, that the time requirements of MCR 2.116(G)(1)(a), rather than those in MCR 2.119(C)(1), applied to Home-Owners's two motions that were heard on August 14, 2015, there was a violation of the court rules. The two motions were not served and filed 21 days before the hearing. However, a violation of the court rules is harmless, absent a showing of prejudice resulting from the violation. *Baker v DEC Int'l*, 218 Mich App 248, 262; 553 NW2d 667 (1996), rev'd in part on other grounds 458 Mich 247 (1998); see also MCR 2.613(A). Plaintiff has made no claim of prejudice resulting from the alleged violation of MCR 2.116(G)(1)(a). Plaintiff is thus not entitled to relief.

Plaintiff argues that the trial court erred in denying his request for attorney fees. We review a trial court's decision whether to award attorney fees for an abuse of discretion. *In re Clarence W Temple & Florence A Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). Underlying findings of fact are reviewed for clear error, while questions of law are

-5-

reviewed de novo. *Id.* Statutory interpretation presents a question of law. *Pontiac Sch Dist v Pontiac Ed Ass'n*, 295 Mich App 147, 152; 811 NW2d 64 (2012).

Michigan follows the "American rule" regarding payment of attorney fees and costs. *Haliw v City of Sterling Heights*, 471 Mich 700, 706; 691 NW2d 753 (2005). Under the American rule, attorney fees are not recoverable from the losing party absent a statute or court rule expressly authorizing an award of attorney fees. *Id.* at 707.

Plaintiff claims that he is entitled to attorney fees under MCL 500.3148(1), a provision of the no-fault act, MCL 500.3101 *et seq.* MCL 500.3148(1) provides:

> An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

Language in a statute that is plain and clear must be enforced as written. *Velez v Tuma*, 492 Mich 1, 16-17; 821 NW2d 432 (2012). "[A] court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself." *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002).

MCL 500.3148(1) has no application to the present case. The statute allows for an award of attorney fees when an attorney advises and represents a plaintiff in an action for overdue personal or property protection insurance benefits. Plaintiff is not seeking an award of such benefits under the no-fault act. The trial court did not err in denying plaintiff's request for attorney fees under MCL 500.3148(1).

Plaintiff also references MCL 600.2591 and MCR 2.114(F) in his brief on appeal. MCR 600.2591 and MCR 2.114(F) allow a plaintiff to collect attorney fees and costs when the defendant asserts a frivolous defense. Because plaintiff makes no argument that any defense asserted by Home-Owners was frivolous under MCL 600.2591(3)(a), plaintiff has abandoned the argument that he was entitled to attorney fees under MCL 600.2591 and MCR 2.114(F). See *Peterson Novelties, Inc v Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003).

Plaintiff next argues that the trial court erred in denying his motion for reconsideration. We review a trial court's decision on a motion for reconsideration for an abuse of discretion. *Sherry v East Suburban Football League*, 292 Mich App 23, 31; 807 NW2d 859 (2011).

MCR 2.119(F)(3) provides:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

According to plaintiff, in his motion for reconsideration, he "reiterated" arguments that he made in his response to Home-Owners' motion to confirm the umpire's report. Because plaintiff states that he merely reiterated issues in his motion for reconsideration, and because a motion for reconsideration that merely presents the same issues ruled on by the trial court will generally not be granted, MCR 2.119(F)(3), plaintiff fails to show that the trial court abused its discretion in denying his motion for reconsideration. *Sherry*, 292 Mich App at 31.

Finally, plaintiff argues that he was denied due process. Because plaintiff did not raise any due process argument before the trial court, the issue is unpreserved. *King v Oakland Co Prosecutor*, 303 Mich App 222, 239; 842 NW2d 403 (2013). Again, we shall exercise our discretion and review the issue despite the preservation failure. See *Booth Newspapers*, 444 Mich at 234.

Plaintiff claims that, because the umpire was given appraisals by Woloszyk and Benavides that provided for different coverages, the umpire was not impartial. Due process requires notice of the nature of the proceedings, an opportunity to be heard in a meaningful time and manner, and an impartial decision-maker. *Cummings v Wayne Co*, 210 Mich App 249, 253; 533 NW2d 13 (1995). As already discussed, plaintiff's claim that the appraisals submitted by Woloszyk and Benavides provided for different coverages is without merit. But even if a coverage dispute had existed and it had been improperly submitted to the umpire, *Auto-Owners Ins*, 190 Mich App at 486-487, the umpire was not rendered partial. Nothing in the relevant court rule or caselaw, see MCR 2.003(C)(1); *Cain v Dep't of Corrections*, 451 Mich 470, 498; 548 NW2d 210 (1996), indicates that an arbiter is rendered partial because a dispute that it did not have the authority to decide had been expressly or implicitly submitted to it. We reject plaintiff's argument that he was denied due process because the umpire was not impartial.

Plaintiff also claims that he was denied due process because he was never given an opportunity to review Woloszyk's submissions to the umpire. Assuming, but without deciding, that this is true and that this constituted a due process violation, plaintiff has not shown that he was prejudiced. MCR 2.613(A) (harmless error rule). According to plaintiff, after the August 14, 2015 hearing, Home-Owners gave him the documents that Woloszyk submitted to the umpire. Plaintiff has presented those documents to this Court. But as previously discussed, plaintiff has failed to present any argument or basis for us to conclude that the difference in the amounts of loss in the appraisals submitted to the umpire by Benavides and Woloszyk was not simply the result of the disagreements between the two sides regarding the extent of the damage to plaintiff's residence and the repairs needed to fix the damage. Because plaintiff cannot show that he was denied a meritorious objection to the umpire's award, plaintiff cannot show that any due process violation affected the outcome of the proceedings.

Affirmed. Having fully prevailed on appeal, Home-Owners is awarded taxable costs under MCR 7.219.

/s/ William B. Murphy
/s/ Patrick M. Meter
/s/ Amy Ronayne Krause