*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JF WARRAN, LLC, doing business as NEWPORT INN, and JIMMIE A, LLC,

      Plaintiffs-Appellants,

v

MAINSTAY MOTORS, INC., doing business as RED'S TOWING SERVICE, and ERIC THOMAS FERGUSON,

      Defendants,

and

CONSOLIDATED INSURANCE COMPANY,

      Defendant-Appellee.

UNPUBLISHED
June 25, 2020

No. 347762
Monroe Circuit Court
LC No. 17-139806-NI

Before: MURRAY, C.J., and JANSEN and MARKEY, JJ.

PER CURIAM.

Plaintiffs, JF Warren, LLC, doing business as the Newport Inn (Newport Inn), and Jimmie A, LLC (Jimmie A) (jointly "plaintiffs"), appeal as of right the order granting defendant Consolidated Insurance Company (CIC) summary disposition. We affirm.

## I. BASIC FACTS

Jimmie A owned the building at issue in this case and rented it to the Newport Inn for use as a bar and grill. Eric Thomas Ferguson is a tow truck driver for Mainstay Motors, Inc., doing business as Red's Towing Service (Red's Towing). CIC was the no-fault insurer for Red's Towing.

On June 20, 2016, Ferguson was driving a tow truck owned by Red's Towing. Around 3:35 p.m., Ferguson crashed the tow truck into the Newport Inn causing "extensive damage."

Jimmie A was unable to repair the building because of a local ordinance requiring a greater setback from Telegraph Road. Jimmie A was unable to rebuild the building in compliance with the setback. As a result, the Newport Inn has been unable to operate as a bar and grill since the time of the accident.

## II. STANDARDS OF REVIEW

The trial court granted CIC's motions for summary disposition under MCR 2.116(C)(10). This Court reviews a trial court's decision to grant summary disposition de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152; 159; 934 NW2d 665 (2019). A motion granted under MCR 2.116(C)(10) "tests the *factual sufficiency* of a claim." *Id*. at 160. "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted). "The trial court may not weigh evidence, make determinations of credibility, or otherwise decide questions of fact." *Sabbagh v Hamilton Psychological Servs, PLC*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket Nos. 342150 and 343204); slip op at 11. "Courts are liberal in finding a factual dispute sufficient to withstand summary disposition." *Patrick v Turkelson*, 322 Mich App 595, 605; 913 NW2d 369 (2018).

This Court reviews for an abuse of discretion whether a court erred in its ruling on a motion in limine. See *Elezovic v Ford Motor Co*, 472 Mich 408, 431; 697 NW2d 851 (2005). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010).

## III. REPLACEMENT COSTS

Plaintiffs first argue that they are entitled to recover replacement costs for their business income, diminution in property value, and property damage for their damages caused by CIC's insured motor vehicle. We disagree.

Under the no-fault statute, and CIC's insurance policy, CIC was required to pay the lesser of either (1) the reasonable repair cost, or (2) the replacement cost less deprecation. MCL 500.3121(5). Our Supreme Court has interpreted replacement cost less deprecation to mean "actual cash value." See *Smith v Mich Basic Property Ins Ass'n*, 441 Mich 181, 196 n 28; 490 NW2d 864 (1992); see also *Dupree v Auto-Owners Ins Co*, 497 Mich 1, 3-4; 857 NW2d 247 (2014).

Plaintiffs do not dispute that they received the actual cash value for their damaged property. Rather, plaintiffs argue that they were entitled to receive actual cash value for the entire property, both the damaged and undamaged portions. Plaintiffs fail to cite authority for the proposition that they should receive the actual cash value for the entire property, and we consider this issue abandoned. *Berger v Berger*, 277 Mich App 700, 715; 747 NW2d 336 (2008). Regardless, MCL 500.3121(1) states that the insurer is liable to pay benefits for "accidental damage to tangible property," which implies that the insurer is required to pay only for property that is damaged by a motor vehicle. This interpretation is supported by MCL 500.3121(3), which states, "Damage to

tangible property consists of physical injury to or destruction of the property and loss of use of the property so injured or destroyed."

Plaintiffs also argue that they are essentially being punished for their failure to purchase ordinance and law insurance coverage. As a result of a local ordinance, plaintiffs are not allowed to repair their damaged property as the building sits too close to the road. If plaintiffs had purchased ordinance and law insurance coverage, then such a policy would have covered the relocation of the building further from the road. This may all be true, but CIC is not responsible for plaintiffs' choices regarding insurance coverage, and plaintiffs fail to establish that CIC is responsible to pay the actual cash value of the entire property where it has become unusable to plaintiffs. We conclude that the trial court properly granted summary disposition to CIC on this issue.

## IV. LOSS OF USE

Second, plaintiffs argue that their loss of use damages under the no-fault act are not limited to damages for lost profits. We disagree.

Property protection insurance benefits under the no-fault act include, if applicable, the value of loss of use. MCL 500.3121(5). At issue in this case is the meaning of the phrase "loss of use." This phrase is not defined by statute; however, its meaning has been previously interpreted by this Court. *Michigan Mut Ins Co v CNA Ins Cos*, 181 Mich App 376, 382-385; 448 NW2d 854 (1989).

In *Michigan Mut Ins Co*, this Court noted that "[s]ince no definition of 'loss of use' is provided in the act, the phrase must be construed according to its ordinary and commonly understood meaning." *Id*. at 383. This Court found, after a review of Michigan and foreign authorities, "that the term 'loss of use' has been generally held to include lost profits." *Id*.

> The Michigan Legislature's choice of the phrase "loss of use" without any express or limiting language evinces its intent to utilize the term's generally accepted broad scope. Such a construction also serves to effectuate the purpose of the no-fault act. Of course, to recover damages for business interruption, the amount of lost profits must be shown to a reasonable certainty. [*Id*.]

Therefore, this Court in *Michigan Mut Ins Co* determined that loss of use damages meant damages for business interruption like the amount of lost profits.

Plaintiffs' argument that the phrase "loss of use" encompasses more than damages for business interruption or lost profits entirely ignores *Michigan Mut Ins Co*. Plaintiffs rely on authority from other jurisdictions to argue that the phrase "loss of use" should be construed more broadly in order to include such losses as lost profits, loss of goodwill, loss of the anticipated benefit of the bargain, and loss of an investment. Plaintiffs do not explain how these losses, such as the loss of goodwill or loss of the anticipated benefit of the bargain, are applicable in this case. Their primary argument seems to be that they have lost the use of the building as both a rental property and bar and grill because of the damage sustained to the building. However, as previously discussed, these losses would have been compensable under plaintiffs' own insurance policy if

plaintiffs had purchased ordinance and law insurance coverage. Plaintiffs' failure to do so does not make such damages compensable under the no-fault act. Therefore, the trial court's ruling on defendant's motion in limine is not an abuse of discretion.

## V. GENUINE ISSUE OF MATERIAL FACT

Finally, plaintiffs argue that there was a genuine issue of material fact precluding summary disposition regarding lost profits. We disagree.

In order to survive summary disposition, a party must "set forth specific facts at the time of the motion showing a genuine issue for trial." *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999). "A litigant's mere pledge to establish an issue of fact at trial cannot survive summary disposition under MCR 2.116(C)(10)." *Id*.

The Newport Inn's tax returns for the years 2012 through 2016 demonstrate that the business lost, rather than made, money. The Newport Inn lost $117,179 in 2012, $22,276 in 2013, $64,450 in 2014, $76,866 in 2015, and $32,346 in 2016. A profit and loss statement for the Newport Inn for the year 2016, shows a loss of $21,541. The only evidence submitted by plaintiff to demonstrate they were profitable businesses was an unsworn letter from an accountant, which fails to actually state that the businesses were profitable. Jimmie A similarly failed to put forth any proofs demonstrating that it was a profitable business.

"Before lost profits are recoverable, they must be proven with a reasonable degree of certainty as opposed to being based on mere conjecture or speculation." *Body Rustproofing, Inc v Michigan Bell Telephone Co*, 149 Mich App 385, 390; 385 NW2d 797 (1986). Plaintiffs essentially rely on a "mere pledge" that their accountant would testify favorably at trial. This is speculative at best, and not enough to survive a motion for summary disposition. Plaintiffs needed to set forth some facts to demonstrate that there was a genuine issue of material facts yet failed to do so. Therefore, the trial court properly granted summary disposition in favor of defendant.

Affirmed.

/s/ Christopher M. Murray
/s/ Kathleen Jansen
/s/ Jane E. Markey

-4-