*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NOVO BOJOVIC and LYNDA BOJOVIC,

    Plaintiffs-Appellants/Cross-Appellees,

and

STEVE LOWER,

    Plaintiff,

UNPUBLISHED
May 23, 2024

v

STATE FARM FIRE AND CASUALTY
COMPANY,

    Defendant-Appellee/Cross-Appellant.

No. 362469
Oakland Circuit Court
LC No. 2021-191043-CK

Before: BORRELLO, P.J., and SWARTZLE and YOUNG, JJ.

PER CURIAM.

Plaintiffs filed a claim with their homeowner's insurance following damage to their home from a water leak. The parties disagreed as to the extent of the damage and amount for which defendant should be responsible, and defendant did not agree to an appraisal. The trial court granted partial summary disposition to plaintiffs, finding that plaintiffs were entitled to an appraisal for some of the disputed claims, but not to others. The trial court also declined to address certain provisions in defendant's policy that plaintiffs alleged were void. We affirm in part and reverse in part.

## I. BACKGROUND

In August 2020, plaintiffs discovered that portions of their home were damaged after a toilet-water-supply line in a second-floor bathroom failed and leaked. Defendant agreed that the water leak was a covered event under its homeowner's policy issued to plaintiffs. Defendant disputed, however, the extent of the damages caused by the leak. According to plaintiffs' estimate of repairs, damage occurred to the second-floor bathroom, the kitchen, and a sunroom, amounting

-1-

to $93,206.30. Defendant estimated plaintiffs' loss at $57,604.25, disputing that the bathtub and shower, bathroom subfloor, and bathroom tile were damaged by the covered water leak, but, instead, were damaged by rot, which was excluded from coverage under defendant's policy. Defendant further disputed that the sunroom damage was caused by the covered water leak or that defendant was responsible to pay for a temporary toilet, replumbing of the attic, additional labor for cleaning, and 160 hours of contractor overhead and profit.

Plaintiffs sued defendant after defendant denied plaintiffs' request to submit the disputes to statutory appraisal under MCL 500.2833(1)(m). In Count I, plaintiffs requested declaratory relief about whether various terms in defendant's policy regarding the appraisal process were enforceable when they were inconsistent with mandatory provisions in MCL 500.2833(1)(m). In Count II, plaintiffs asserted a claim for breach of contract, alleging that defendant breached the homeowner's policy by refusing to submit their disputed claims to appraisal under MCL 500.2833(1)(m).

Plaintiffs moved for summary disposition under MCR 2.116(C)(10). The trial court denied plaintiffs' motion as to the tub/shower, subfloor, and tile in the plaintiffs' upstairs bathroom on the basis that there were questions of coverage of those items that first needed to be resolved by the court. Next, the trial court granted plaintiffs' motion in part, agreeing that the remainder of the disputed claims, including the sunroom, temporary toilet, replumbing the attic, additional cleaning costs, and 160 hours of contractor overhead and profit, should be submitted for appraisal. Finally, the trial court declined to address whether additional provisions in the policy were void as against public policy because plaintiffs did not breach the appraisal provision of the homeowner's insurance policy and defendant waived the applicability of the other provisions.

This Court granted plaintiffs' interlocutory application for leave to appeal the trial court's order to the extent that it denied plaintiffs' motion. Defendant has filed a cross-appeal from the trial court's order to the extent that it partially granted plaintiffs' motion.

## II. ANALYSIS

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St. Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020). "When deciding a motion for summary disposition under MCR 2.116(C)(10), we consider the evidence submitted in a light most favorable to the nonmoving party." *Payne v Payne*, 338 Mich App 265, 274; 979 NW2d 706 (2021). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632 (citation omitted). Further, statutory interpretation is a question of law which this Court reviews de novo. *Id*.

### A. PLAINTIFFS' APPEAL

The appraisal process is governed by MCL 500.2833(1)(m), which provides, in part, that when an "insured and insurer fail to agree on the actual cash value or amount of [a] loss, either party may make a written demand that the amount of the loss or the actual cash value be set by appraisal."

This Court recently decided *Cantina Enterprises II Inc v Prop-Owners Ins Co*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 363105), which clarifies the dichotomy between scope-of-loss and coverage issues. In that case, a dispute arose over whether certain items damaged in a fire were covered improvements or betterments in a building that plaintiff did not own, or were "building items," which were not covered under the plaintiff's policy. *Cantina Enterprises*, ___ Mich App at ___; slip op at 1-2. The plaintiff demanded that the matter be submitted to appraisal, but the defendant argued that there were coverage disputes that first needed to be resolved by a court. *Id*. This Court framed the issue as being "whether that dispute constitutes a genuine coverage issue reserved for the trial court, or an amount-of-loss issue that should be decided by an appraiser." *Id*. at ___; slip op at 5. This Court concluded that the defendant admitted that the damages were generally covered under the insurance policy, and, therefore, was not a coverage issue. *Id*. at ___: slip op at 8. Accordingly, the dispute concerned a scope-of-loss question about whether the plaintiff was entitled to reimbursement under the insurance policy terms for every item it identified. *Id*.

In this case, the trial court erred by ruling that the parties' dispute about whether the damage to the tub and shower, the bathroom subfloor, and the bathroom tile involved a coverage issue for the court to decide. Although there is no dispute that the policy excludes coverages for losses caused by rot, defendant has admitted that the involved water leak is a covered event that caused damages for which plaintiffs are entitled to recovery. The dispute about the tub and shower areas, the bathroom tile, and the bathroom subflooring is a *factual* dispute between the parties over the scope of the loss caused by the water leak. Resolution of this factual question is properly reserved for an appraiser. Plaintiffs will still be required to prove each of their claimed losses, including that the losses were caused by the covered event. See *id*. at ___; slip op at 8.

Therefore, the trial court properly agreed with plaintiffs that disputes concerning other items included in their estimate, including damage to the sunroom, the need for a temporary toilet, replumbing in the attic, additional labor for cleaning, and 160 hours of contractor overhead and profit, were all matters to be addressed through the appraisal process. The trial court erred, however, by finding that the disputes about the bathroom tub and shower, bathroom subfloor, and bathroom tile in the second-floor bathroom needed to first be addressed by the trial court. See *id*.; *Dupree v Auto-Owners Ins Co*, 497 Mich 1, 4-5; 857 NW2d 247 (2014).

Plaintiffs also argue that the trial court erred by declining to decide whether various appraisal provisions in defendant's policy were unenforceable under MCL 500.2860 because they conflicted with MCL 500.2833(1)(m). "A matter is moot if this Court's ruling cannot for any reason have a practical legal effect on the existing controversy. In order to appeal, a party must be an aggrieved party." *Garrett v Washington*, 314 Mich App 436, 449-450; 886 NW2d 762 (2016).

Plaintiffs were not aggrieved by the trial court's decision on this issue when the trial court ruled that the matter would proceed to appraisal under MCL 500.2833(1)(m) and that the remaining policy provisions that plaintiffs challenge were not applicable because defendant was not seeking to enforce them. Further, given the trial court's finding that the one at-issue policy provision has already been satisfied, and that the remaining challenged policy provisions had not been invoked and thus were not applicable, any challenge to the enforceability of those provisions

is moot.  Therefore, the trial court did not err by declining to address the enforceability of the appraisal provisions in defendant's policy, and we likewise decline to address the provisions.

## B.  DEFENDANT'S CROSS-APPEAL

In its cross-appeal, defendant challenges the trial court's order to the extent that it granted in part plaintiffs' motion for summary disposition and held that the parties' dispute about damages to the sunroom could be submitted for appraisal under MCL 500.2833(1)(m).  As previously explained, this Court's decision in *Cantina Enterprises* demonstrates that the trial court properly determined that the parties' dispute about the damage to the sunroom involves a factual question regarding the *scope* of the covered loss, which is a matter for the appraiser to address.  Although defendant attempts to frame the dispute about the sunroom as a coverage issue, defendant has already admitted that its policy provides coverage for the involved water leak.  Whether plaintiffs can ultimately recover for repairs to the sunroom is dependent on whether they can show that the sunroom incurred damages because of the involved water leak, but it is not necessary for the trial court to first interpret or construe defendant's policy to determine whether plaintiffs are entitled to benefits.  Accordingly, the trial court did not err by ruling that the parties' dispute over whether the damage to the sunroom was related to the covered water leak was to be determined in the appraisal process.

Defendant additionally argues that the trial court failed to review the evidence in the light most favorable to defendant as the party opposing the motion.  Contrary to what defendant suggests, however, the trial court did not attempt to resolve the disputed factual issue of whether the damage to the sunroom was caused by the water leak.  The trial court merely ruled that this dispute concerned the scope of plaintiffs' loss, which was an issue to be resolved in the appraisal process.  The trial court did not, therefore, fail to apply the appropriate legal standard when reviewing plaintiffs' motion for summary disposition.

Defendant also argues that MCL 500.2833(1)(m) does not permit appraisers to decide issues of causation.  As previously discussed, however, this Court has distinguished "coverage" issues, which are to be decided by a court, from "scope of loss" issues, which should be decided by an appraiser.  See *Cantina Enterprises*, ___ Mich App at ___; slip op at 8-9.  Even in the scope-of-loss context, the plaintiff must still prove that a claimed loss was caused by a covered event.  See *id*. at ___; slip op at 8.  MCL 500.2833(1)(m) specifically directs that appraisers are to determine "the amount of the loss."  Defendant has acknowledged that damages resulting from the water leak are covered by the policy, and an appraiser should decide the "disagreements about what damages and their value are included."  See *id*. at ____; slip op at 9.

Finally, defendant advances various public-policy arguments in support of its position of which issues should be subject to statutory appraisal and how the appraisal process should be conducted.  To the extent that defendant believes that policy considerations favor a different approach than that explained in *Cantina Enterprises*, those considerations are better directed at the Legislature.  See *Smith v Town & Country Props II*, 338 Mich App 462, 478; 980 NW2d 131 (2021).

## III.  CONCLUSION

The trial court properly granted summary disposition to plaintiffs as to some of the disputed items, but should have granted summary disposition as to all of the disputed items because the dispute involved the scope of the loss, best decided by the appraiser. Further, the trial court properly determined that it was unnecessary to address the policy provisions not at issue in this case.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Brock A. Swartzle
/s/ Adrienne N. Young