GORDON FOOD SERVICE, INC v GRAND RAPIDS MATERIAL
HANDLING COMPANY

Docket No. 114555. Submitted November 14, 1989, at Grand Rapids.
Decided December 27, 1989.

Protection Mutual Insurance Company, as the insurer of Gordon
Food Service, Inc., and with right of subrogation, paid on a
claim for property losses sustained by Gordon in the collapse of
a 40,000 square foot food storage rack at its warehouse. Gordon
brought an action in the Kent Circuit Court against Grand
Rapids Material Handling Company, D & D Midwest Installa-
tion Company and Speedrack, Inc. Plaintiff sought compensa-
tion for property damage and business interruption losses.
Defendants filed motions for the joinder of Protection as a
party plaintiff. The court, George R. Cook, J., denied the
motions. The Court of Appeals denied defendants' application
for leave to appeal. The Supreme Court, in lieu of granting
leave to appeal, remanded the matter to the Court of Appeals
for consideration as on leave granted. 431 Mich 910 (1988).

The Court of Appeals *held:*

MCR 2.205(A) provides that persons having such interests in
the subject matter of an action that their presence in the
action is essential to permit the court to render complete relief
must be made parties and aligned as plaintiffs or defendants in
accordance with their respective interests. Here, the trial court
erred in denying defendants' motions.

Reversed and remanded.

PARTIES — NECESSARY JOINDER — INSURERS — ACTION BY INSURED
AGAINST THIRD PARTIES.

An insurer, as partial subrogee of its insured, is subject to
necessary joinder in an action brought by its insured against
those parties the insured alleges caused its losses (MCR 2.205).

*Robins, Kaplan, Miller & Ciresi* (by *Mel I. Dick-*

REFERENCES

Am Jur 2d, Parties §§ 38, 120.

Proper party plaintiff, under real party in interest statute, to action
against tortfeasor for damage to insured property where insured
has paid part of loss. 13 ALR3d 140.

*stein* and *Scott G. Johnson*), and *Schenk, Boncher & Prasher* (by *Gregory G. Prasher*), for Gordon Food Service, Inc.

*MacArthur, Cheatham & Acker, P.C.* (by *Richard L. MacArthur*), and *John A. Lydick,* of Counsel, for Grand Rapids Material Handling Company and D & D Midwest Installation Company.

Before: CYNAR, P.J., and MARILYN KELLY and T. G. KAVANAGH,* JJ.

PER CURIAM. In this appeal by leave granted, we are asked to determine whether an insurer, as partial subrogee of its insured, is subject to necessary joinder in an action brought by its insured against those parties the insured alleges caused its losses. We find that it is and reverse.

Plaintiff Gordon Food Services, Inc., alleges that on July 28, 1986, it sustained in excess of $3 million in damages when 40,000 square feet of food storage rack collapsed at its then-newly constructed Brighton, Michigan, warehouse. Protection Mutual Insurance Company was plaintiff's insurer at the time of the rack collapse. Subsequent to the rack collapse, plaintiff filed a claim for property damage. Protection adjusted that claim and paid out several million dollars in property losses. Protection has not compensated plaintiff for any damages suffered by it other than damages due to property loss.

On May 8, 1987, plaintiff filed suit against defendants seeking compensation for property damage and business interruption losses. Plaintiff brought this suit in its own name only. Thereafter, defendants moved the circuit court to join Protection as

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

a party plaintiff. Their motions were denied following a hearing on March 18, 1988. Their motions for reconsideration were similarly denied.

MCR 2.205(A) provides for the joinder of necessary parties:

> [P]ersons having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render complete relief must be made parties and aligned as plaintiffs or defendants in accordance with their respective interests.

The authors' comment on this subrule in 2 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), p 76 provides:

> At one time the casualty insurer who paid a part of the insured's claim was recognized as a real party in interest to the part of the claim which he acquired by right of subrogation or assignment, and he was permitted to join with the insured in an action against the defendant. However, there was one cause of action against the defendant, and it could not be split into separate suits by the insured and the insurer.
>
> * * *
>
> MCR 2.205 (and its predecessor, GCR 205) was intended to convert this into a problem of required joinder of parties. Both insured and insurer are real parties in interest as to that which they own under the substantive law. Therefore, either may bring an action in his own right, but the defendant is protected against a multiplicity of actions by the rule governing required joinder of parties. That is, if either the insured or insurer brings an action against a defendant without joining the other, the defendant may protect himself by moving to have both plaintiffs joined as necessary parties under MCR 2.205(A). Both are persons having such interest in the subject matter that their presence is

essential to permit the court to render complete relief.

Accordingly, we conclude that the circuit court erred in denying defendants' motions. Protection should be joined as a party plaintiff.

Reversed and remanded. We do not retain jurisdiction.