*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTOPHER LEADBETTER,

        Plaintiff-Appellee,

v

STATE FARM FIRE AND CASUALTY
COMPANY,

        Defendant-Appellant.

UNPUBLISHED
February 10, 2022

No. 354901
Washtenaw Circuit Court
LC No. 20-000273-CK

Before: STEPHENS, P.J., and BORRELLO and O'BRIEN, JJ.

PER CURIAM.

In this insurance action, defendant appeals as of right the circuit court's order requiring defendant to participate in an appraisal, dismissing the matter without prejudice, and concluding that no additional parties were necessary to the lawsuit. We reverse in part and remand for further proceedings.

## I. BACKGROUND

A fire occurred in plaintiff's home on July 6, 2017. At the time, plaintiff had a fire-insurance policy issued by defendant. Plaintiff notified defendant of the loss, and defendant made several payments to plaintiff related to damage to the dwelling, personal property, and living expenses. A disagreement arose when plaintiff requested an additional $35,000 in March 2019 based on a mitigation estimate provided by his contractor. Defendant refused to pay the sum without additional documentation—as required by the policy—to confirm that the damages were covered by its policy. Upon defendant's refusal to pay, plaintiff demanded appraisal. Defendant refused to participate in the appraisal process, again citing plaintiff's failure to comply with its request for additional documentation as required by the policy. Defendant ultimately paid plaintiff an additional $26,938.78 based on the damages it was able to confirm, but continued to refuse to participate in appraisal, contending that coverage disputes remained.

Plaintiff filed a complaint on March 10, 2020, alleging that defendant's refusal to participate in appraisal violated MCL 500.2833(m)(1) and constituted a breach of contract. In his prayer for relief, plaintiff asked the trial court to "[e]nter judgment against Defendant for whatever

amount the Court deems fair and just, including consequential damages," and order defendant to participate in the appraisal process. In response, defendant raised a variety of affirmative defenses. Eventually, both parties filed motions for summary disposition. Without addressing defendant's affirmative defenses or the competing motions for summary disposition, the trial court ordered defendant to participate in appraisal and dismissed the matter without prejudice. This appeal followed.

## II. APPRAISAL AND COVERAGE DISPUTES

The trial court erred by failing to address the coverage issues before summarily dismissing the matter and ordering appraisal. The trial court was required to determine coverage before appraisal could be ordered.

The appraisal process is "a substitute for judicial determination of a dispute concerning the amount of a loss, which is a simple and inexpensive method for the prompt adjustment and settlement of claims." *Auto-Owners Ins Co v Kwaiser*, 190 Mich App 482, 486; 476 NW2d 467 (1991) (quotation marks and citation omitted). However, "[m]atters of an insurance policy's coverage are generally for a court and not for appraisers." *Id*. Put differently, "[w]hile matters of *coverage* under an insurance agreement are generally determined by the courts, the *method* of determining the loss is a matter reserved for the appraisers." *Dupree v Auto-Owners Ins Co*, 497 Mich 1, 4-5; 857 NW2d 247 (2014). Because the appraisal process cannot legally settle coverage issues, if the parties cannot agree on coverage, then a court is to determine coverage before appraisal of the damage to the property. *Kwaiser*, 190 Mich App at 487.

The Insurance Code of 1956 requires fire insurance policies to contain provisions for appraisal. Specifically, MCL 500.2833(1) provides, in pertinent part, as follows:

> Each fire insurance policy issued or delivered in this state shall contain the following provisions:
>
> * * *
>
> (m) That if the insured and insurer fail to agree on the actual cash value or amount of the loss, either party may make a written demand that the amount of the loss or the actual cash value be set by appraisal. If either makes a written demand for appraisal, each party shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days after receipt of the written demand. The 2 appraisers shall then select a competent, impartial umpire. If the 2 appraisers are unable to agree upon an umpire within 15 days, the insured or insurer may ask a judge of the circuit court for the county in which the loss occurred or in which the property is located to select an umpire. The appraisers shall then set the amount of the loss and actual cash value as to each item. If the appraisers submit a written report of an agreement to the insurer, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any 2 of these 3 shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by the insured and the insurer.

The subject insurance policy reflects the requirements outlined in MCL 500.2833(1)(m).

Defendant's affirmative defenses included that plaintiff failed to comply with the terms of the policy's appraisal provision by neglecting to identify which specific losses were being disputed, failed to perform his duties after loss by refusing to submit the requested documentation, and failed to repair the dwelling within two years as required by the policy. On appeal, defendant continues to assert that plaintiff's claims for additional damages are excluded from coverage because of plaintiff's violations of the policy's terms.

The trial court did not make any explicit determinations regarding the nature of the dispute or defendant's affirmative defenses. The full content of the court's order is as follows:

> This matter having come before the Court pursuant to Plaintiff's Motion for Summary Disposition pursuant to MCR 2.116(C)(8) and MCR 2.116(C)(10), Defendant State Farm's Motion for Partial Summary Disposition, and Defendant State Farm's Motion to Dismiss based on Plaintiff's Violation of MCR 2.205 and/or Other Relief, the Court having reviewed the briefs submitted by the parties, and the Court being fully advised in the premises and dispensing with oral argument pursuant to MCR 2.119(E)(3);
>
> IT IS HEREBY ORDERED AND DECLARED that Defendant State Farm shall participate in appraisal as requested by Plaintiff pursuant to Section 2833(1)(m) of The Insurance Code, MCL 500.2833(1)(m);
>
> IT IS FURTHER ORDERED that this matter is Dismissed Without Prejudice and that any remaining disputes after appraisal shall be privately mediated by the parties before re-filing this lawsuit;
>
> IT IS FURTHER ORDERED that no additional parties are necessary if this lawsuit is re-filed after appraisal and mediation;
>
> This order resolves the last pending claim and closes the case.

No hearing was held on the parties' motions, and the trial court provided no additional explanation or analysis.

We conclude that the trial court erred by failing to address the coverage issues before summarily dismissing the matter and ordering appraisal. By ordering the parties to participate in appraisal, the trial court might have tacitly determined that the dispute involved only the amount of loss, and thus concluded that there were no legitimate disputes over liability. However, the court's brevity and the lack of analysis have left its findings unclear. Further, questions of material fact remain regarding issues of coverage, such as whether plaintiff complied with the terms of the policy by providing requested documentation, or by completing the repairs within two years of the loss and notifying defendant within 30 days after completion. Accord *Dupree*, 497 Mich at 5-6 (holding that whether a "condition *precedent*" required to enforce a certain provision of the policy had been met is a matter of coverage to be determined by a court).

Accordingly, we remand this case to the trial court with instructions to resolve defendant's claims regarding coverage. If the trial court concludes that coverage is in dispute, it must resolve that dispute before ordering appraisal. Conversely, if the court concludes that the only genuine disputes involve the scope of loss, the matter may indeed be referred directly to appraisal. Regardless, the court must address and decide any coverage issues on the record before deeming the matter eligible for appraisal.

## III. NECESSARY PARTIES

Defendant argues that the trial court abused its discretion in finding that plaintiff's spouse and mortgage company were not necessary parties to this. We agree with regard to plaintiff's wife, but not with regard to plaintiff's mortgagee.

This Court reviews a trial court's decisions regarding joinder for an abuse of discretion. *Mason Co v Dep't of Community Health*, 293 Mich App 462, 489; 820 NW2d 192 (2011). "An error of law necessarily constitutes an abuse of discretion." *Denton v Dep't of Treasury*, 317 Mich App 303, 314; 894 NW2d 694 (2016). "An insurance policy is subject to the same contract construction principles that apply to any other species of contract." *Home-Owners Ins Co v Perkins*, 328 Mich App 570, 585; 939 NW2d 705 (2019) (quotation marks and citation omitted).

MCR 2.205 provides, in pertinent part, as follows:

(A) Subject to the provisions of subrule (B) . . . , persons having such interests in the subject matter of an action that their presence in the action is essential to permit the court to render complete relief must be made parties and aligned as plaintiffs or defendants in accordance with their respective interests.

(B) When persons described in subrule (A) have not been made parties and are subject to the jurisdiction of the court, the court shall order them summoned to appear in the action, and may prescribe the time and order of pleading. If jurisdiction over those persons can be acquired only by their consent or voluntary appearance, the court may proceed with the action and grant appropriate relief to persons who are parties to prevent a failure of justice. In determining whether to proceed, the court shall consider

(1) whether a valid judgment may be rendered in favor of the plaintiff in the absence of the person not joined;

(2) whether the plaintiff would have another effective remedy if the action is dismissed because of the nonjoinder;

(3) the prejudice to the defendant or to the person not joined that may result from the nonjoinder; and

(4) whether the prejudice, if any, may be avoided or lessened by a protective order or a provision included in the final judgment.

Notwithstanding the failure to join a person who should have been joined, the court may render a judgment against the plaintiff whenever it is determined that the plaintiff is not entitled to relief as a matter of substantive law.

"The purpose of the rule is to prevent the splitting of causes of action and to ensure that all parties having a real interest in the litigation are present." *Mason Co*, 293 Mich App at 489. The key inquiry is whether a party has such interest in the subject matter that its presence is necessary to render complete relief. *Gordon Food Serv, Inc v Grand Rapids Material Handling Co*, 183 Mich App 241, 243-244; 454 NW2d 137 (1989). "A party is indispensable to a case if that party has an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience." *Mather Investors, LLC v Larson*, 271 Mich App 254, 257-258; 720 NW2d 575 (2006) (quotation marks and citations omitted). "However, where a party's presence in the action is not essential to the court rendering complete relief, factors such as judicial economy or avoidance of multiple litigation are not enough to compel joinder." *Id*. (quotation marks and citations omitted).

First, plaintiff's spouse had the same rights as plaintiff under the terms of the subject policy, and thus was a necessary party. The policy included the following provision:

"You" and "your" mean "the named insured" shown in the Declarations. Your spouse is included if a resident of:

1. that named insured's household; or

2. a different household from that named insured but shares economic and non-economic burdens with that named insured.

The policy further defined "insured" to mean "you," among other persons.

There has been no dispute that plaintiff's wife was a resident of plaintiff's household. She therefore came within the definition of "you" or "your," and was thus an "insured" under the policy. Additionally, the record reflects that plaintiff's wife was involved in requesting appraisal: she signed the October 15, 2019 letter demanding an appraisal, and that letter used plural language referring to both plaintiff and his wife. The latter also entered into a contract with a private insurance adjuster in which she held herself out as an insured party. As one of the individuals insured under the subject policy, plaintiff's wife had an interest in the proceedings that would be affected by their outcome. Therefore, she is a party having a real interest in the litigation. We therefore direct the trial court on remand to make plaintiff's wife a party.

However, plaintiff's mortgage company, Old National Bank, was not a necessary party. The policy contains a mortgage clause providing as follows:

a. If a mortgagee is named in this policy, any loss payable under Coverage A [Dwelling Coverage] shall be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment shall be the same as the order of precedence of the mortgages.

-5-

b.  If we deny your claim, that denial shall not apply to a valid claim of the mortgagee, if the mortgagee:

> (1)  notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

> (2)  pays on demand any premium due under this policy, if you have not paid the premium; and

> (3)  submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so.  Policy conditions relating to Appraisal, Suit Against Us and Loss Payment apply to the mortgagee.

*  *  *

d.  If we pay the mortgagee for any loss and deny payment to you:

> (1)  we are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

> (2)  at our option, we may pay to the mortgagee the whole principal of the mortgage plus any accrued interest.  In this event, we shall receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

We conclude that Old National Bank's presence is not necessary to render complete relief. While Old National Bank is listed on the policy as plaintiff's mortgagee, a final decree could be made without affecting its interest, or leaving the controversy in such a condition that its final determination would be inconsistent with equity and good conscience, given the policy's provision that a denial of the insureds' claim "shall not apply to a valid claim of the mortgagee," which leaves Old National Bank an avenue to seek relief if necessary.  Therefore, while Old National Bank, as the mortgagee listed in the policy, could raise a claim based on defendant's contractual obligations, its presence is not essential to the trial court's rendering of complete relief. Accordingly, the trial court did not abuse its discretion in declining to make Old National Bank a party.

## IV.  FAILURE TO ADDRESS CLAIM

Defendant asserts that the trial court failed to rule on its motion to dismiss plaintiff's claims for replacement cost benefits on the ground that plaintiff failed to complete the repairs within the timeframe required by the policy.

Defendant filed a motion for partial summary disposition under MCR 2.116(C)(10), arguing that plaintiff either failed to complete the repairs within the required timeframe, or failed to notify defendant of the completion as required, and thus could not recover any replacement costs but instead could recover only the actual cash value of the damages.  Plaintiff responded that defendant was attempting to use the trial court to mediate the dispute, and again requested that

defendant be required to participate in appraisal. The trial court neither made a specific ruling on defendant's motion for partial summary disposition, nor determined the extent of plaintiff's compliance with those terms of the policy.

While plaintiff's complaint requested only that defendant be required to participate in appraisal, and that plaintiff be awarded any consequential damages of defendant's breach of contract, it did not specify whether the damages he sought to have appraised included the actual cash value at the time of the loss or the amount he actually and necessarily spent to repair or replace the damaged part of the property. Defendant made several payments to plaintiff in the years following the loss, as outlined in the documents submitted to the trial court; however, the documents do not specify whether the payments were for actual cash value or replacement costs. This distinction is important: if plaintiff's appraisal request involved a determination of only the actual cash value of the damage, defendant's argument about the policy's completion requirements would be meritless. The policy required plaintiff only to complete the actual repair or replacement within two years and to provide notice to defendant if he wanted to receive additional payments on a replacement-cost basis. There is no similar requirement for completion for claims involving only the actual cash value of the damage. However, if plaintiff sought appraisal of the amount he actually and necessarily spent to repair or replace the damaged part of the property, defendant's claim about plaintiff's noncompliance with the completion terms of the policy could constitute a legitimate dispute over whether the losses to be appraised were actually excluded from coverage. This is the sort of coverage dispute that must be resolved before the matter may be referred to appraisal.

It is unclear from the record whether the damages for which plaintiff sought appraisal involved the actual cash value at the time of the loss, or the amount he actually and necessarily spent to repair or replace the damaged part of the property. Therefore, we decline defendant's invitation to rule on the merits of defendant's motion. Further, this Court "functions as a court of review that is principally charged with the duty of correcting errors that occurred below and thus should decline to address unpreserved issues." *Burns v Detroit (On Remand)*, 253 Mich App 608, 615; 660 NW2d 85 (2002) (quotation marks and citation omitted). Accordingly, we instruct the trial court on remand to consider this issue while resolving any coverage disputes.

Vacated in part, and remanded for the addition of plaintiff's spouse as a plaintiff, and for resolution on the record of any coverage issues. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Stephen L. Borrello
/s/ Colleen A. O'Brien